Joseph Julius **JACKSON**, Appellant,

v.

**STATE of Texas, Appellee.**

**No. A14–82–321CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 29, 1983.

Discretionary Review Refused
Feb. 22, 1984.

Kristine Woldy, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a conviction for aggravated robbery. Punishment was ten years imprisonment. Appellant urges the evidence was insufficient to show that the ax handle used in the robbery was a deadly weapon, that the court improperly instructed the jury in that regard, and that the state's jury argument was improper. We affirm the judgment.

Complainant, Lee Rader, was accosted by two men as he returned home from work. Appellant hit him on the back and the head with an ax handle wrapped with masking tape at one end. Having thus gained complainant's attention, appellant's companion then struck another object in complainant's ribs and stated that he would blow his head off if he didn't give them his money. Complainant complied.

Appellant argues that the evidence was insufficient to show that the ax handle used was a deadly weapon as required in aggravated robbery. Robbery becomes aggravated when the offender uses or exhibits a deadly weapon during its commission. Tex.Penal Code Ann. § 29.03(a)(2) (Vernon 1974). Does then the converted ax handle constitute a deadly weapon under the circumstances of this case?

A deadly weapon is defined as a firearm or anything else that in the manner of its use or intended use is capable of causing death or serious bodily injury. Tex.Penal Code Ann. § 1.07(a)(11) (Vernon 1974). Since a club is not a firearm per se, its classification as a deadly weapon must

be made based on its use or intended use. A comparative anyalysis can be made with cases involving knives as deadly weapons. Such cases emphasize that several factors are to be considered in determining whether a weapon is deadly, such as, the use or intended use of the weapon, its size and shape, and its capacity to produce death or serious bodily injury. *Denham v. State,* 574 S.W.2d 129, 130 (Tex.Cr.App.1978) (en banc). The presence and severity of wounds may also be considered, but is not a prerequisite to a finding of deadliness. *Denham, supra.* Rather, it is sufficient if the weapon is capable of causing death or serious bodily injury or is displayed in a manner conveying an express or implied threat that serious bodily injury or death will result if the aggressor is not satisfied. *Lewis v. State,* 628 S.W.2d 276, 278 (Tex. App.—Amarillo 1982, no writ).

■ The evidence here shows that appellant struck the complainant with the tape-gripped ax handle twice: once on the back of his head and once on his back. This latter blow tore his shirt but there was no evidence as to any physical injuries. An experienced police officer testified that the ax handle, comparable to a police nightstick, was capable of causing serious bodily injury or death. While such expert testimony is not necessary to establish that a weapon is deadly, it may be useful in supplementing meager evidence on that issue. *Davidson v. State,* 602 S.W.2d 272, 273 (Tex.Cr.App.1980).

■ Appellant argues that since there was no evidence of injuries, nor evidence that appellant himself threatened complainant, he presumably could not have been in fear of imminent bodily injury or death. Hence, he concludes, the ax handle could not be a deadly weapon. We disagree. We find that complainant's testimony as to his fear of injury or death when coupled with that of the police officer and the menacing nature of the club itself are more than sufficient to prove its deadliness. Accordingly, appellant's first ground of error is overruled.

■ Appellant next contends that the court's failure to define the term, deadly weapon, was error. He further complains that the court improperly instructed the jury that the club was a deadly weapon. Inasmuch as he did not object to this charge, we are limited in our consideration as to whether this omission constituted fundamental error. Did it, in effect, operate to deny appellant a fair trial? *Henderson v. State,* 617 S.W.2d 697, 698 (Tex.Cr.App. 1981). We find that it did not. While the charge did not contain a general definition of "deadly weapon", it did contain the statutory definition of "club." *See* Tex.Penal Code Ann. § 46.01(1) (Vernon 1974). The definition of "club" is almost identical to that of "deadly weapon." Thus, in requiring that the jury find that the ax handle met the definition of a club, the court sufficiently instructed them on the use of the deadly weapon. There was no fundamental error in the charge. Appellant's second ground of error is therefore overruled.

■ Appellant complains in his third ground of error that the state's attorney made an improper jury argument. Specifically, the prosecutor argued, "[y]ou represent a million and some other people in this county ... What do they want to do about hijackers, aggravated robbers in this country?" Appellant failed to object to the argument, and thus waived the error, if any, contained therein. *Sanchez v. State,* 589 S.W.2d 422, 424 (Tex.Cr.App.1979). Appellant's third ground of error is overruled.

The judgment is affirmed.