**John Wallace GRANGER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 85 249 CR.**

Court of Appeals of Texas, Beaumont.

Dec. 3, 1986.

Discretionary Review Refused March 18, 1987.

B. Warren Goodson, Jr., Beaumont, for appellant.

Guy James Gray, Criminal Dist. Atty., Jasper, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was found guilty by a jury of aggravated assault, and the court assessed punishment at seven years in the Texas Department of Corrections, plus a fine of $500. The imprisonment sentence was probated by the court. Appeal has been perfected to this court.

Appellant's first ground of error follows:

"The evidence is insufficient to sustain the Appellant's conviction wherein the State failed to prove the club used in the assault to be a deadly weapon."

The jury had evidence before it that appellant struck complainant several times in the head with a "stick" or "club" some three and a half or four feet long, and two inches in diameter. Complainant was rendered unconscious, lost some blood and three teeth, and was taken to the emergency room of the hospital. He lost a week's work. He sustained "serious bodily injury". TEX.PENAL CODE ANN. sec. 22.-02(a)(1) (Vernon Supp.1986). Appellant's contention—which the State disputed—was that the club used does not meet the definition of a "deadly weapon."

TEX.PENAL CODE ANN. sec. 1.07(a)(11)(B) (Vernon 1974) gives one definition of that term as:

"(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."

The same section of the Penal Code, in subsec. (a)(34) thereof, defines "Serious bodily injury" as:

"(34) ... bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."

■ We recognize that appellant correctly argues that a club is not a deadly weapon per se, citing Shaw v. State, 34 Tex. Cr.R. 435, 31 S.W. 361 (1895), and Parkman v. State, 191 S.W.2d 743 (Tex.Crim. App.1945). Appellant also cites us Danzig v. State, 546 S.W.2d 299 (Tex.Crim.App.

1977), arguing: "Superficial wounds, even those requiring suturing, will not infer deadliness of a weapon."

■ After *Danzig v. State, supra,* our Court of Criminal Appeals in *Denham v. State,* 574 S.W.2d 129 (Tex.Crim.App.1978), held it unnecessary for expert testimony to determine if an instrument be a deadly weapon; that a jury can look to the nature of the inflicted wounds as a factor to be considered and, most importantly, the manner in which the weapon is used.

■ In the case at bar, the jury had evidence before it that appellant swung the club, using both hands, much as a baseball bat. He broke it once—perhaps twice—on the complainant's head. Just what our Court of Criminal Appeals will decide on this case is a judgment call we recognize we must make. And, we are unable to cite any recent case precisely involving these facts. However, it seems to us that the following recent expressions would reinforce our belief that this club was a "deadly weapon": *Gonzales v. State,* 659 S.W.2d 470 (Tex.App.—Corpus Christi 1983, pet. ref'd); *Garza v. State,* 695 S.W.2d 726 (Tex.App.—Dallas 1985, pet. granted). And see Judge Clinton's language in *McClendon v. State,* 643 S.W.2d 936, 938 (Tex.Crim.App.1982), stating:

> "[T]hough we cannot say the weapon he used ["slap stick"] was a deadly one *per se,* clearly through the manner of its use, and considering its size and shape, it was fully capable of producing death or serious bodily injury."

Undoubtedly, the club involved in the case at bar was capable of producing death or serious bodily injury. *Morales v. State,* 633 S.W.2d 866, 868 (Tex.Crim.App.1982); *Limuel v. State,* 568 S.W.2d 309 (Tex.Crim.App.1978). On the guideline of *Jackson v. State,* 672 S.W.2d 801 (Tex.Crim.App.1984), we overrule this ground of error.

Appellant's ground of error number two is stated thusly:

> "The Trial Court erred in denying the Appellant's request [that] a charge of lesser included offense of misdemeanor assault be presented to the jury."

*TEX.PENAL CODE ANN. sec. 22.01* (Vernon Supp.1986) defines "Assault", and *sec. 22.02* of the Penal Code defines "Aggravated Assault". For this case, the difference is whether appellant used a "deadly weapon" in the assault.

■ The error of appellant's argument that the lesser offense of "Assault" should have been submitted to the jury is that it was not raised by the evidence. Appellant, himself, took the stand and denied using the club, as well as denying having any contact with complainant. One of his friends in the melee supported this position. The only evidence the jury had before it was that appellant attacked, struck and rendered complainant unconscious *with the club.* Where the evidence raises only the issue that the accused is guilty of the offense charged or no offense at all, the issue of the lesser included offense is not raised. *Simpkins v. State,* 590 S.W.2d 129 (Tex.Crim.App.1979); *Buster v. State,* 470 S.W.2d 887 (Tex.Crim.App.1971). And, this is certainly so when the accused takes the stand and denies any criminal act. *See Paloma v. State,* 656 S.W.2d 229 (Tex.App.—Austin 1983, no pet.). We overrule this ground of error.

Appellant's final ground of error states:

> "The Trial Court erred in overruling the Appellant's objection to the charge which included the culpable mental state of recklessness."

The argument is that the indictment only alleged the culpable mental state of intentionally and knowingly, *not recklessly,* but the court instructed the jury:

> "A person commits the offense of aggravated assault, if he:
> (1) intentionally, knowingly, or recklessly causes bodily injury to another...."

■ However, in the paragraph of the charge applying the law to the facts of the case, the only culpable mental states given are intentionally and knowingly, which differentiates this case from *Hutchins v. State,* 590 S.W.2d 710 (Tex.Crim.App.1979),

on which appellant relies. At any rate, no harmful error is shown. *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985). This ground of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.