**Anthony Lindon BETHEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–00895–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 19, 1992.

---

Stanley G. McGee, Angleton, for appellant.

Jim Mapel, Criminal Dist. Atty., Brazoria, Mary Peter Cudd, Asst. Dist. Atty., Angleton, for appellee.

Before DUNN, DUGGAN and MIRABAL, JJ.

## OPINION

DUNN, Justice.

Appellant, Anthony Lindon Bethel, appeals his conviction for aggravated assault with a deadly weapon. The jury assessed a

penalty of nine-years confinement for the offense. We affirm.

Appellant raises two points of error and, pursuant to Tex.R.App.P. 80(b), asks this Court to either reverse and remand, or reform the judgment to delete the deadly weapon finding. In his first point of error, appellant claims that there was insufficient evidence to support the jury's finding of use or exhibition of a hammer or of a deadly weapon unknown to the grand jury. In the second point of error, he claims that the trial court should have granted a mistrial because the prosecutor commented on appellant's failure to testify.

■ As the first point of error raises a sufficiency of the evidence issue, we are to view the evidence in the light most favorable to the judgment. *Marroquin v. State,* 746 S.W.2d 747, 750 (Tex.Crim.App.1988); *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). We must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Saxton v. State,* 804 S.W.2d 910, 914 (Tex.Crim. App.1991).

The evidence, viewed in the light most favorable to the verdict, is as follows. During the evening of August 17, 1989, appellant approached two police officers at a local restaurant and told them he needed medical help for his wife because he had tried to kill her with a hammer. When the officers arrived at the apartment building to which appellant had directed them, they found appellant's wife with a head wound. The officers obtained medical help for appellant's wife, and she was transported to a local hospital. The hospital records indicate that appellant's wife had been struck with a hammer that left a wound on the left side of her head two to three centimeters long. She was treated and released the next morning.

After obtaining medical attention for appellant's wife, the police officers went to appellant's apartment and arrested him. All evidence seized at the apartment, including the hammer, was suppressed. The trial court's ruling on this evidence is not challenged.

Appellant was subsequently indicted for attempted murder. The indictment read, in pertinent part, as follows:

[W]ith the specific intent to commit the offense of murder did then and there attempt to intentionally and knowingly cause the death of an individual ... by hitting Rosemary Bethel with a hammer and ... with an object unknown to the Grand Jury.... Defendant did then and there use and exhibit a deadly weapon during the course of the same aforesaid criminal episode.

Appellant was tried on the charge of attempted murder, and the jury was instructed on the lesser included offenses of aggravated assault and assault. The jury found the appellant guilty of aggravated assault. During the punishment phase of the trial, the jury affirmatively found that appellant committed the offense of aggravated assault with a deadly weapon and assessed punishment at nine-years confinement.

Appellant argues the evidence is insufficient to support the deadly weapon finding and that he was not given sufficient notice of the State's intention to make an affirmative finding of the use of a deadly weapon. He further argues that the grand jury did not diligently investigate the unknown weapon.

The indictment under which appellant was tried specifically charges him with the use of a deadly weapon during the commission of the crime. Thus, appellant was put on notice, through the indictment, that the State would have to prove either that a hammer was a deadly weapon or that the unknown weapon mentioned in the indictment was deadly. Therefore, we must determine whether the State put on sufficient evidence about the deadliness of the weapon to support the jury's findings.

A deadly weapon is defined in the Penal Code, in part, as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex.Penal Code Ann. § 1.07(a)(11)(B) (Vernon 1974).

■ Like a club, a board, or a knife, a hammer is not a deadly weapon *per se.* *See Blain v. State,* 647 S.W.2d 293, 294 (Tex.Crim.App.1983); *Granger v. State,* 722 S.W.2d 175, 176 (Tex.App.—Beaumont 1986, pet. ref'd); *Lewis v. State,* 638 S.W.2d 148, 151 (Tex.App.—El Paso 1982, pet. ref'd); TEX.PENAL CODE ANN. § 1.07(a)(11) (Vernon 1974). However, depending upon the circumstances, these items may become "deadly weapons" under the statute. *See Blain,* 647 S.W.2d at 294; *Granger,* 722 S.W.2d at 177; *Lewis,* 638 S.W.2d at 151–52.

■ The jury may consider all the facts of a case when determining whether a weapon is "deadly," including the words spoken by the accused. *Blain,* 647 S.W.2d at 294. Additionally, while not required, the presence and severity of any wounds is a consideration in the determination that a weapon is "deadly." *Williams v. State,* 477 S.W.2d 24, 25 (Tex.Crim.App.1972); *Jackson v. State,* 668 S.W.2d 723, 725 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd). Other factors are the use or intended use of the weapon, its size and shape, and its capacity to produce death or serious bodily injury. *Denham v. State,* 574 S.W.2d 129, 130 (Tex.Crim.App.1978); *Jackson,* 668 S.W.2d at 725; *see also Granger,* 722 S.W.2d at 177. Further, testimony from the victim that she feared for her life can also give a weapon "deadly" characteristics. *See Denham,* 574 S.W.2d at 131.

■ Prior to the court's ruling in *Denham,* expert testimony was required before the jury could find that the weapon was deadly, i.e., that it was used or intended to be used in such a way that it was capable of causing death or seriously bodily injury. *See Danzig v. State,* 546 S.W.2d 299, 302 (Tex.Crim.App.1977). This is no longer true. In overruling *Danzig,* the Court of Criminal Appeals held that the jury may infer deadliness from the testimony of a lay witness relating to his fear of injury or death when coupled with the menacing nature of the weapon and the testimony of a police officer as to the weapon's potential for deadliness. *Denham,* 574 S.W.2d at 131; *Jackson,* 668 S.W.2d at 725.

■ In this case, the testimony about the deadliness of the weapon came from two witnesses, the victim, Rosemary Bethel, and Officer Snider. Ms. Bethel was struck at night while she was sleeping. Hospital records were introduced, without objection, indicating that Ms. Bethel told the doctors that she had been hit with a hammer. Although there was no electricity, with the light from the street, Ms. Bethel testified she could see something swinging in appellant's hand. Appellant told her that he had hit her with the object, which Ms. Bethel believed was a stick. Appellant then chased her around the apartment swinging his weapon and told her he would kill her. She testified that she feared for her life.

Officer Snider testified that although he had very little experience with hammers being used as deadly weapons, he knew of situations where blunt instruments, such as hammers, caused serious bodily injury or death.

Because the indictment alleged the use of an unknown weapon, the State had the burden to prove that the grand jury made a diligent inquiry into the manner and means by which Ms. Bethel was injured. *Brown v. State,* 704 S.W.2d 506, 508 (Tex.App.— Dallas 1986, pet. ref'd). A member of the grand jury testified that the grand jury did not do any *independent* investigation to determine what the unknown weapon might have been. However, the grand jury asked the police officer some questions, and he read from his report. The results of this investigation were the foundation of the indictment.

While it may be suggested that the grand jury did not sufficiently investigate to ascertain the identity of the weapon that was used to beat Ms. Bethel, the evidence at trial created no doubt that appellant inflicted the injuries. *Id.* Officer Snider testified that appellant told him that he had tried to kill his wife with a hammer. The hospital records indicated that Ms. Bethel had been struck with a hammer, and there was no evidence that the wound she re-

ceived was inconsistent with that evidence. We find that the evidence is sufficient to support the jury's deadly weapon finding.

Appellant's first point of error is overruled.

Appellant's second point of error claims that the prosecutor's closing arguments were a comment on the failure of appellant to testify, and therefore the court should have granted a mistrial.

During closing arguments, the following colloquy occurred:

Prosecutor: Now, you might ask yourselves that during the trial—it's been a fairly short trial and the evidence that you heard from the State was a great deal. You heard a confession told through the Defendant—or, by the Defendant through two police officers—

Counsel: Your Honor, I'm going to object to that as a comment on the weight of the evidence, the Defendant's right to remain silent and I ask the Court to instruct the jury to disregard.

Court: I will instruct the jury to disregard.

Counsel: Your Honor, I'm forced, at this time, to move for a mistrial.

Court: Overruled.

If a defendant chooses not to testify, then the prosecution may not comment directly or indirectly on that silence, and such a comment violates the United States Constitution, the Texas Constitution, and Texas statutory law. *Hough v. State,* 828 S.W.2d 97, 100 (Tex.App.—Beaumont 1992, pet. ref'd). In examining the prosecutor's comments, we must determine initially if the comments were intended to be a comment on the defendant's failure to testify or if the comments were of such a character that the jury would naturally take it to be a comment on the defendant's failure to testify. *See Johnson v. State,* 611 S.W.2d 649, 650 (Tex.Crim.App.1981); *Pollard v. State,* 552 S.W.2d 475, 477 (Tex.Crim.App. 1977). It is not sufficient that the language might be construed as an implied or indirect allusion. *Nowlin v. State,* 507 S.W.2d 534, 536 (Tex.Crim.App.1974). The comments must portray certain evidence as uncontroverted, unrefuted, or uncontradict-

ed, and the defendant must be the only person who could controvert, refute, or contradict that evidence. *Hough,* 828 S.W.2d at 100.

The prosecutor simply pointed out the evidence submitted by the State, i.e., appellant's confession that he had tried to kill his wife with a hammer. These statements were made to the police officers, and were admitted without objection during the officers' direct examination. The appellant's wife also testified that appellant hit her in the head because he was tired of her.

Nothing in the prosecutor's comment refers to a failure of appellant to testify. There was no emphasis of the statement by the State; appellant's counsel was the only one to make the suggestion before the jury that the prosecutor was commenting on appellant's failure to testify.

At the time the allegedly improper comments were made, appellant objected and the court gave an instruction to disregard the comment.

Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.