Affirmed and Memorandum Opinion filed November 29, 2005









Affirmed
and Memorandum Opinion filed November 29, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00801-CR

____________

 

LARRY DARNELL
JARMON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 122nd
District Court

Galveston County, Texas

Trial Court Cause No. 02CR2559

 



 

M E M O R A N D U M   O P I N I O N

Appellant Larry Darnell Jarmon was
convicted of aggravated assault with a deadly weapon and sentenced to four
years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.  On appeal, appellant contends the evidence is
legally and factually insufficient to support the jury=s finding that he
used or exhibited a deadly weapon when he hit the complainant on the head and
back with a hammer.  We affirm.

 

 








Factual Background

In July of 2002, appellant was living with
his sister, Gloria Abrams, and her common-law husband, Arthur Ramirez, in their
apartment in Texas City.  On July 13,
2002, appellant got into a heated argument with Abrams and Ramirez while at the
apartment.  When Abrams asked appellant
to leave, he refused.  Abrams threatened
to call the police, and as she moved toward a phone, appellant picked up a
hammer and followed her.  Appellant told
Abrams, AYou=re not calling
anybody@ and threatened to
kill Abrams and Ramirez.  Appellant then
pushed Abrams down and hit her in the head with the claw end of the
hammer.  He hit her a second time on her
back.  When Ramirez tried to shield
Abrams from appellant, appellant hit Ramirez with the hammer several
times.  At some point, appellant also
stuck his finger in Ramirez=s eye.  When appellant stopped hitting them, he
dropped the hammer and left.

Abrams and Ramirez then left the apartment
together and called police from a pay phone at a convenience store.  Blood from Abrams= injuries drenched
her t-shirt; she also had trouble seeing because of the blood in her eyes.  Officer Terrell Rhone, the patrol officer who
was dispatched to the convenience store, testified that when he arrived, he saw
Abrams and Ramirez both bleeding from their faces.  Ramirez=s eye was swollen
shut and was bleeding, and Abrams had wounds to her head and a puncture wound
to her back.[1]  Abrams, who was pregnant, was taken by
ambulance to the UTMB trauma unit, where she remained for about six hours until
the pain she was feeling stopped.  She
did not receive any stitches, but has a scar on her back from the injury.  Medical records described her head injury as
a laceration, and her back injury as an abrasion and contusion. 








Appellant was charged by indictment with
aggravated assault with a deadly weapon. 
Appellant pleaded not guilty, and in June 2004, he was tried before a
jury.  The jury returned a guilty verdict
on the offense of aggravated assault.  At
appellant=s election, the trial court assessed
appellant=s punishment at four years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.  The trial court entered its judgment and
sentence on August 5, 2004.  This appeal
followed. 

Analysis of Appellant=s Issues

In two issues, appellant contends the
evidence is legally and factually insufficient to support his conviction
because the State failed to prove beyond a reasonable doubt that the hammer, as
it was used or exhibited, was capable of causing serous bodily injury.  We examine these contentions below.

A.      Standards
of Review

To determine the legal sufficiency of the
evidence to support a conviction, we view the evidence in the light most
favorable to the verdict and ask if any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307,
319 (1979); Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App.
2003).  In conducting this review, we do
not engage in a second evaluation of the weight and credibility of the
evidence, but only ensure that the jury reached a rational decision.  Muniz v. State, 851 S.W.2d 238, 246
(Tex. Crim. App. 1993).  The jury is the
sole judge of the facts, the credibility of the witnesses, and the weight to be
given the evidence. Beckham v. State, 29 S.W.3d 148, 151 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d.). Therefore, the jury may believe or
disbelieve all or part of any witness=s testimony.  Margraves v. State, 34 S.W.3d 912, 919
(Tex. Crim. App. 2000).  Reconciliation
of any conflicts in the evidence falls within the exclusive province of the
jury.  Id.








When evaluating a challenge to the factual
sufficiency of the evidence, we view all the evidence in a neutral light and
inquire whether the jury was rationally justified in finding guilt beyond a
reasonable doubt.  Zuniga v. State,
144 S.W.3d 477, 484 (Tex. Crim. App. 2004). 
We may find the evidence factually insufficient in two ways.  Id. 
First, when considered by itself, the evidence supporting the verdict
may be too weak to support the finding of guilt beyond a reasonable doubt.  Id. 
Second, after weighing the evidence supporting the verdict and the
evidence contrary to the verdict, the contrary evidence may be strong enough
that the beyond‑a‑reasonable‑doubt standard could not have
been met.  Id. at 484B85.  In conducting the factual sufficiency review,
we must employ appropriate deference so that we do not substitute our judgment
for that of the fact finder.  Id.
at 481B82.  Our evaluation should not intrude upon the
fact finder=s role as the sole judge of the weight and
credibility given to any witness=s testimony.  Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997).  We will not set
aside the judgment unless the evidence supporting the verdict is so weak as to
be clearly wrong and manifestly unjust.  Zuniga,
144 S.W.3d at 481.

B.      Application
of Standards to Law and Facts

A person commits the felony offense of
aggravated assault if he commits assault and (1) causes serious bodily injury
to another, or (2) uses or exhibits a deadly weapon during the commission of
the assault.  Tex. Pen. Code ' 22.02(a).  A deadly weapon includes Aanything that in
the manner of its use or intended use is capable of causing death or serious
bodily injury.@  Tex. Pen. Code '
1.07(a)(17)(B).  ASerious bodily
injury@ is defined as Abodily injury that
creates a substantial risk of death or that causes death, serious permanent
disfigurement, or protracted loss or impairment of the function of any bodily
member or organ.@  Tex. Pen. Code ' 1.07(46).

Appellant points out that Abrams testified
that she came home from the hospital the same day she entered it, and there was
no testimony that the wounds she actually received were life-threatening or
otherwise satisfied the definition of serious bodily injury.  In the absence of such evidence, appellant
contends, the evidence is legally and factually insufficient to show that the
hammer, as it was used or exhibited, was capable of causing such harm.  See Batro v. State, 635 S.W.2d 156,
158 (Tex. App.CHouston [1st Dist.] 1982, no pet.) (holding
that because knife was not a deadly weapon per se, the State was
required to prove that the particular knife involved was capable of inflicting
deadly wounds).  We examine this
contention below.








Like a knife, a hammer is not a deadly weapon
per se.  However, depending on the
circumstances, a jury may determine it to be a deadly weapon under the
statute.  See Bethel v. State, 842
S.W.2d 804, 807B08 (Tex. App.CHouston [1st
Dist.] 1992, no pet.) (concluding that hammer was used as a deadly
weapon).  A deadly weapon can be anything
that in the manner of its use is capable of causing death or serious bodily
injury.  Bui v. State, 964 S.W.2d
335, 342B43 (Tex. App.CTexarkana 1998,
pet. ref=d.) (finding a
Duraflame log was a deadly weapon).  In
McCain v. State, the Court of Criminal Appeals explained that the plain
language of the Texas Penal Code does not require that the actor actually
intends death or serious bodily injury, only that the actor intends to use the
object in a manner that renders it capable of causing death or serious
bodily injury.  22 S.W.3d 497, 503 (Tex.
Crim. App. 2000).

A jury may consider the manner of a weapon=s use, its size
and shape, and its capacity to produce death or serious bodily injury.  See Denham v. State, 574 S.W.2d 129,
130 (Tex. Crim. App. 1978).  A jury may
also consider the words spoken by the accused. 
Bethel, 842 S.W.2d at 807; Batro, 635 S.W.2d at 158.  Although the wounds inflicted on the injured
party are another factor the jury may consider, wounds are not required to make
a weapon deadly.  Denham, 574
S.W.2d at 130.  It is sufficient
if the weapon is capable of causing death or serious bodily injury or is
displayed in a manner conveying an express or implied threat that serious bodily
injury or death will result if the aggressor is not satisfied.  Jackson v. State, 668 S.W.2d 723, 725
(Tex. App.CHouston [14th Dist.] 1983, pet. ref=d.).

At trial, Officer Rhone testified that a
hammer could be a deadly weapon, depending on how it is used.  The hammer appellant allegedly used in the
assault was placed in evidence for the jury to examine.  Both Abrams and Ramirez testified that
appellant hit Abrams on the head and back with the hammer.  Abrams testified that the blows from the
hammer caused her pain and inflicted injuries requiring medical attention.  She also testified that, when she threatened
to call the police, appellant came towards her with the hammer and said, AYou=re not calling
anybody,@ which the jury
could interpret as an implicit threat to prevent her from calling the police by
incapacitating her with the hammer. 
Abrams also testified that appellant was angry and intentionally hit her
with the hammer.  Ramirez testified that,
as appellant held the hammer, he threatened to kill them.  








This evidence is legally sufficient to
show that the hammer, in the manner of its use or intended use, was capable of
causing death or serious bodily injury. 
Therefore, we overrule appellant=s first issue.

In appellant=s factual
sufficiency challenge, he does not point to any evidence beyond that referenced
in his first issue; that is, the evidence that Abrams= hospital stay was
short and the lack of any testimony that Abrams actually suffered serious
bodily injury.  However, as the case law
makes clear, to prove that the hammer was a deadly weapon, the State is not
required to show that appellant actually caused serious bodily injury or death.  The gravamen of the finding is that the
hammer was capable of causing serious bodily injury or death in the way
it was used or intended to be used.  See
Bethel, 842 S.W.2d at 806 (finding hammer a deadly weapon when used to
inflict head wound two to three centimeters long and requiring overnight
hospital stay); Jackson, 668 S.W.2d at 725 (stating weapon displayed in
a manner conveying an express or implied threat of serious bodily injury or
death may be sufficient to support deadly weapon finding).  

The jury had numerous factors available to
consider: the size and shape of the hammer, appellant=s use of the claw
end of the hammer to hit his sister on the head and back, appellant=s intentional use
of the hammer in anger during an argument, appellant=s implied threat
to stop Abrams from calling the police, appellant=s explicit threat
to kill Abrams and Ramirez, and the painful wounds inflicted.  Moreover, appellant did not testify during
the guilt-innocence stage of the trial, so the testimony of Abrams and Ramirez
concerning appellant=s assault was uncontroverted.  On this record, we find that the jury was
rationally justified in finding appellant guilty of the offence of aggravated
assault with a deadly weapon beyond a reasonable doubt.  See Zuniga, 144 S.W.3d at 484.  Appellant=s second issue is
overruled.

 

 

 








Conclusion

Appellant=s issues are
overruled and the trial court=s judgment is
affirmed.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed November 29, 2005.

Panel
consists of Justices Fowler, Edelman, and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  Officer Rhone
also testified the wound to the back could have been a cut.