Opinion issued November 9, 2006



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-05-01060-CR




RAUL CHAVEZ-CORNEJO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1023359




MEMORANDUM OPINION
          A jury convicted appellant, Raul Chavez-Cornejo, of aggravated robbery and
assessed his punishment at 50 years’ confinement and a $10,000 fine. In two related
points of error, appellant contends that the evidence is legally and factually
insufficient to show that he used a deadly weapon when committing the offense. We
affirm.
Facts
          Pedro Garay moved from Mexico to Houston in March 2005. On April 6,
2005, Garay called a local radio station, La Raza, and left his telephone number in the
hope that someone would call and offer him a welding job. A few minutes after
Garay’s telephone number was announced on the radio, appellant called and offered
him a job. Appellant also told Garay that Garay needed to provide $180 “for some
papers.”
          About an hour later, appellant arrived driving a Dodge van. Garay’s sister-in-law, Elvira, took note of the license plate on the van, as La Raza had encouraged its
listeners to do. Appellant asked Garay if he had the money for the papers. Garay
responded affirmatively. Appellant then drove Garay to an apartment complex, where
Garay thought that they were going to obtain the papers. Appellant asked for the
money and told Garay to go upstairs and to get his photograph taken. When Garay
balked at handing over the money without knowing where he would be working,
appellant became angry. Garay, who was already half out of the van, then noticed
that appellant had pulled out a gun. During trial, the following exchange took place 
 
[Prosecutor]: And then what did [appellant] do when you told him you
were not going to give him the money?
 
[Garay]: He then started to get angry.
 
[Prosecutor]: How did you know he was getting angry?
 
[Garay]: Because he wanted the money, that’s when he pulled out that
weapon. He said he did not want to harm me, that he wanted the money.
 
[Prosecutor]: What kind of weapon did he pull out?
 
[Garay]: Well, I just saw that it was a black weapon.
 
[Prosecutor]: Was it a knife or a club or what?
 
[Garay]: A firearm.
 
          The prosecutor then showed Garay a pistol and asked whether it was similar
in appearance to the gun that appellant had used. Garay responded that the pistol,
which was submitted to the jury for demonstrative purposes only, was similar to the
one that appellant had exhibited. Garay testified that, when he saw the gun, he was
afraid that appellant was going to shoot him and he handed over the money. 
Appellant then drove off, leaving Garay stranded at the apartment complex. 
          Appellant was arrested several days later after the police traced him by using
Garay’s caller I.D. and the license-plate number that Elvira had written down. There
was no weapon in his van at the time of appellant’s arrest.
          Appellant, testifying in his own behalf, admitted that he had duped Garay into
handing over $180 for false working papers that appellant never intended to produce,
but he denied having used a gun of any type.
Standard of Review
When evaluating the legal sufficiency of the evidence, we view the evidence
in the light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Drichas
v. State, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005). The standard is the same for
both direct- and circumstantial- evidence cases. King v. State, 895 S.W.2d 701, 703
(Tex. Crim. App. 1995). We do not resolve any conflict of fact, weigh any evidence,
or evaluate the credibility of any witness, because this was the function of the trier of
fact. See Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); Matson v.
State, 819 S.W .2d 839, 843 (Tex. Crim. App. 1991). Instead, our duty is to
determine whether both the explicit and implicit findings of the trier of fact are
rational by viewing all the evidence admitted at trial in the light most favorable to the
verdict. See Adelman, 828 S.W.2d at 422. In so doing, any inconsistencies in the
evidence are resolved in favor of the verdict. Matson, 819 S.W.2d at 843.
          When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex Crim. App. 1997). We will
set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).
Under the first prong of Johnson, we cannot conclude that a conviction is “clearly
wrong” or “manifestly unjust” simply because, on the quantum of evidence admitted,
we would have voted to acquit had we been on the jury. Watson v. State, No. PD-469-05, 2006 WL 2956272, at *10 (Tex. Crim. App. Oct. 18, 2006). Under the second
prong of Johnson, we cannot declare that a conflict in the evidence justifies a new
trial simply because we disagree with the jury’s resolution of that conflict. Id. Before
finding that evidence is factually insufficient to support a verdict under the second
prong of Johnson, we must be able to say, with some objective basis in the record,
that the great weight and preponderance of the evidence contradicts the jury’s verdict.
Id. In conducting a factual-sufficiency review, we must also discuss the evidence that,
according to the appellant, most undermines the jury’s verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003). We may not re-weigh the evidence and
substitute our judgment for that of the fact-finder. King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000). The fact-finder alone determines what weight to place on
contradictory testimonial evidence because that determination depends on the fact-finder’s evaluation of credibility and demeanor. Cain, 958 S.W.2d at 408–09. As the
determiner of the credibility of the witnesses, the fact-finder may choose to believe
all, some, or none of the testimony presented. Id. at 407 n.5.
Sufficiency of the Evidence
Appellant contends that the evidence is legally and factually insufficient to
prove beyond a reasonable doubt that he used a firearm in the commission of the
robbery and is, thus, insufficient to support his conviction for aggravated robbery. 
A person is guilty of aggravated robbery if he uses or exhibits a deadly weapon in the
course of committing a robbery. Tex. Pen. Code Ann. §§ 29.03(a)(2) (Vernon
2003). Proof of the use or exhibition of a deadly weapon is an essential element of
the offense of aggravated robbery. Gomez v. State, 685 S.W.2d 333, 336 (Tex. Crim.
App. 1985). A deadly weapon is a firearm or anything manifestly designed, made,
or adapted for the purposes of inflicting serious bodily injury or anything that, in the
manner of its use or intended use, is capable of causing death or serious bodily injury. 
Tex. Pen. Code Ann. §§ 1.07(a)(17)(A), (B) (Vernon Supp. 2005).
Here, the indictment alleged not merely that appellant exhibited a deadly
weapon, but that he exhibited a firearm. When the State alleges unnecessary matters
that are descriptive of the essential elements of the crime, the State must prove the
descriptive matters as alleged. Gomez, 685 S.W.2d at 336. Thus, when the State
alleges in an indictment for aggravated robbery that the deadly weapon used by the
defendant was a firearm, as it did in this case, it is required to prove use of a firearm
beyond a reasonable doubt. Edwards v. State, 10 S.W.3d 699, 701 (Tex.
App.—Houston [14th Dist.] 1999), pet. dism’d, improvidently granted, 67 S.W.3d
228 (Tex. Crim. App. 2002). A firearm means any device designed, made, or adapted
to expel a projectile through a barrel by using the energy generated by an explosion
or burning substance or any device readily convertible to that use. Tex. Pen.Code
Ann. §§ 46.01(3) (Vernon 2003).
Legal Sufficiency
          Viewing the evidence in the light most favorable to the verdict, a rational trier
of fact could have found beyond a reasonable doubt that appellant used or exhibited
a deadly weapon, more specifically, a firearm. Garay testified that, when he refused
to hand over the money without first knowing more about the job that he was going
to be doing, appellant got angry and pulled out a “weapon.” When asked what type
of weapon appellant used, Garay testified that appellant used a “firearm.” Garay
further testified that he was afraid that appellant was going to shoot him.
          We are aware that the use of the term “gun” can be much broader that the term 
“firearm” and may include non-lethal instruments such as BB guns, pop guns, and
grease guns. Edwards, 10 S.W.3d at 701. However, in this case, Garay did not
simply testify that appellant pulled a gun on him—he testified specifically that
appellant used a “firearm.” A firearm is a deadly weapon per se. Tex. Pen. Code
Ann. § 1.07(a)(17)(A) (Vernon 2004). Garay described the firearm as being all black
and stated that it was similar to State’s exhibit 4, a firearm that was introduced into
evidence for demonstrative purposes. The jury was able to examine State’s exhibit
4 and to determine that it was a firearm, rather than some other type of non-lethal
weapon. See Carter v. State, 946 S.W.2d 507, 509–519 (Tex. App.—Houston [14th
Dist.] 1997, pet. ref’d) (holding evidence sufficient to show firearm was used when
victims testified that .25 caliber automatic pistol shown to them at trial was similar
to gun used by defendant during robbery). Additionally, appellant told Garay that he
did not want to hurt him, he just wanted the money. The implication that appellant
could hurt Garay supports the jury’s finding that the gun was real and not a toy. See
Bethel v. State, 842 S.W.2d 804, 807 (Tex. App.—Houston [1st Dist.] 1992, no pet.)
(“The jury may consider all the facts of a case when determining whether a weapon
is ‘deadly,’ including the words spoken by the accused.”)
          We hold that, viewing the evidence in the light most favorable to the verdict,
a rational jury could have found beyond a reasonable doubt that appellant used a
firearm during the commission of the robbery.
          Accordingly, we overrule point of error one.
Factual Sufficiency
          Viewing all the evidence in a neutral light, we also conclude that the evidence
is factually sufficient to support appellant’s conviction for aggravated robbery with
a firearm. We consider the important evidence appellant claims undermines the
verdict. Sims, 99 S.W.3d at 603.
          Appellant concedes that the jury heard two versions of the events surrounding
the robbery. Garay testified that appellant held a gun that looked like the gun shown
to the jury for demonstrative purposes. Garay further testified that the gun was all
black and that he was afraid that he was going to be shot. In contrast, appellant
testified that, although he took the $180 from Garay, he did not use a gun of any kind
to compel Garay to hand over the money. The jury, as fact-finder, was entitled to
believe Garay and to disbelieve appellant, and we, as an appellate court, should not
substitute our judgment for that of the fact finder. See Cain, 958 S.W.2d at 407 n.5. 
          Appellant also argues in his brief that “since we do not have the weapon or any
clear description of the weapon; it could have just as easily been an air pistol or a
toy[.]”


 However, in this case, there is no separate evidence indicating the use of a
non-lethal gun. In fact, appellant himself denied using any gun. In addition, Garay
identified the gun as a firearm and testified that it was similar to the exemplar gun
used at trial. Accordingly, we hold that the evidence regarding appellant’s use of a
firearm was not so weak, nor the contrary evidence so strong, that the beyond-a-reasonable-doubt standard could not have been met.
          Accordingly, we overrule point of error two.
          We affirm the judgment.
 
                                                                        Sherry Radack
                                                                        Chief Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
 
Do not publish. Tex. R. App. P. 47.2(b).