Opinion issued
April 8, 2010.

 

 

 

 

 

 

 

 

 

 

 

 

 

 








 










 

 

 

 

In The

Court of Appeals

For The

First District of Texas

____________

 

                                                NO.
01-09-00209-CR

____________

 

LAMOND MAYRICE LAWRENCE, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE

 

                                                                                                                             

 

 

On Appeal from the 7th District Court 

Smith County, Texas[1]

Trial Court Cause No. 007-0916-08








MEMORANDUM OPINION

A jury found appellant, Lamond Mayrice Lawrence, guilty of burglary of a
habitation with intent to commit a felony, i.e., aggravated assault, see Tex. Penal Code Ann. § 30.02 (Vernon
2003), and assessed punishment at confinement for life.  Based on the jury’s finding appellant guilty
as charged in the indictment, which included an allegation that a deadly weapon
was used, the trial court made a finding that a deadly weapon was used in the
offense.  In two points of error, appellant
contends that the evidence is legally and factually insufficient to support the
deadly weapon finding. Determining that the evidence is legally and factually
sufficient to sustain the deadly weapon finding, we affirm.

Background

          One morning in March 2008, Gomorrha Duncan drove her
son to school and returned to her townhouse. 
Upon entering her home, Duncan was struck in the back of her head by an
assailant wearing a ski mask and gloves. Duncan fell to the floor while the
assailant continued attacking her. 
During this attack, the assailant told Duncan that she was “going to
learn.”  Upon hearing her attacker’s
voice, Duncan knew that it was appellant, whom she had dated “off and on” for
four years before finally ending the relationship in October 2007.

          After recognizing appellant’s voice, Duncan
began pleading with him to stop, but appellant continued to assault her until
she lost consciousness.  When she
regained consciousness, Duncan saw appellant standing over her holding a metal
futon bed rail taken from her son’s bedroom. 
Duncan called out appellant’s name while pleading with him to stop
attacking her. Upon this request, appellant sat on the couch and removed his
ski mask.

          Duncan then attempted to lift herself
off the floor, at which time appellant grabbed her by the throat and began
choking her “trying to make [her] pass out.” 
Appellant released her and entered the kitchen.  When he returned, appellant again began to
choke Duncan. When he was unsuccessful in choking Duncan into unconsciousness,
appellant requested that Duncan go get her gun because “neither one of us is
going to make it out of here today.”

          After an unsuccessful attempt to
locate the gun, Duncan informed appellant that she needed immediate medical
attention because she was having difficulty breathing.  Appellant escorted Duncan to his car, drove
to his apartment, and forced Duncan to take “a little pink pill.”  Duncan again insisted that she needed medical
attention, at which time appellant took Duncan back to her car. Duncan
attempted to drive herself to the hospital, but had to stop at a gas station
because her injuries were too severe to continue driving.  The clerk at the gas station called for an
ambulance, and Duncan was subsequently escorted to the hospital.  For four days, Duncan was in the hospital,
where she was treated for a collapsed lung, broken ribs, and other injures that
were described as life threatening by two medical experts.  

          The prosecution presented the
testimony of an emergency room physician, Dr. James Ryder, who told the jury
that Duncan had told him that appellant hit her with a piece of metal.  Dr. Ryder also testified that Duncan’s
collapsed lung could have been caused by “any type of blunt force trauma . . . [or
by] a pipe or a rod or something made of metal.”  A detective with the Tyler Police Department
testified that, based on his experience, Duncan’s injuries were consistent with
a blunt metal object.  Also, Duncan told
the detective and the emergency room physician that appellant had struck her
repeatedly with his hands and a “black futon rail.”  

Sufficiency of Evidence to Support
Deadly Weapon Finding

          In two points of error, appellant contends
that the evidence is legally and factually insufficient to support a deadly
weapon finding.  The trial court’s
finding was entered after the jury found appellant guilty as charged in the
indictment.  The indictment specifically
placed the deadly weapon issue before the jury, thus, if supported by legally
sufficient evidence, the trial court properly entered the affirmative
finding.  See Polk v. State, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985)
(holding affirmative finding is de facto made when defendant if found “guilty
as charged in the indictment,” if the indictment specifically places deadly
weapon issue before jury).

A.  
 Law Pertaining to Legal
Sufficiency

          In a legal sufficiency review, we
consider the entire trial record to determine whether, viewing the evidence in
the light most favorable to the verdict, a rational jury could have found the
accused guilty of all essential elements of the offense beyond a reasonable
doubt.  See Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Vodochodsky v. State,
158 S.W.3d 502, 509 (Tex. Crim. App. 2005). 
The jurors are the exclusive judges of the facts, the credibility of the
witnesses, and the weight to give their testimony.  Margraves v. State, 34 S.W.3d 912, 919
(Tex. Crim. App. 2000).  A jury is
entitled to accept one version of the facts and to reject another, or to reject
any part of a witness’s testimony.  See
id.   In conducting our review of the
legal sufficiency of the evidence, we do not reevaluate the weight and
credibility of the evidence, but ensure only that the jury reached a rational
decision.  Muniz v. State, 851
S.W.2d 238, 246 (Tex. Crim. App. 1993). 
In reviewing the evidence, circumstantial evidence is as probative as
direct evidence in establishing the guilt of an actor, and circumstantial
evidence alone can be sufficient to establish guilt.  Hooper v. State, 214 S.W.3d 9, 13
(Tex. Crim. App. 2007).  On appeal, the
same standard of review is used for both circumstantial and direct evidence
cases.  Id. 

B.  
Law Pertaining to Factual Sufficiency

          In a factual sufficiency review, we
view all of the evidence in a neutral light. 
Ladd v. State, 3 S.W.3d 547, 557 (Tex. Crim. App. 1999).  We set the verdict aside only if (1) the
evidence is so weak that the verdict is clearly wrong and manifestly unjust or
(2) the verdict is against the great weight and preponderance of the
evidence.  See Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  

          Under the first prong of Johnson,
we cannot conclude that a conviction is “clearly wrong” or “manifestly unjust”
simply because, on the quantum of evidence admitted, we would have voted to
acquit had we been on the jury. 
Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  Under the second prong of Johnson, we
cannot declare that a conflict in the evidence justifies a new trial simply
because we disagree with the jury’s resolution of that conflict.  Id.  Before finding that evidence is factually
insufficient to support a verdict under the second prong of Johnson, we
must be able to say, with some objective basis in the record, that the great
weight and preponderance of the evidence contradicts the jury’s verdict.  Id. 
In conducting a factual sufficiency review, we must also discuss the
evidence that, according to the appellant, most undermines the jury’s
verdict.  See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

          In reviewing the factual sufficiency
of the evidence, we afford almost complete deference to a jury’s decision when
that decision is based upon an evaluation of credibility.  Lancon v. State, 253 S.W.3d 699, 705
(Tex. Crim. App. 2008).  The jury is in
the best position to judge the credibility of a witness because it is present
to hear the testimony, as opposed to an appellate court, which relies on the
cold record.  Id.  The jury may choose to believe some testimony
and to disbelieve other testimony.  Id.
at 707.

C.  
Law Pertaining to Deadly Weapons

          The Code of Criminal Procedure
authorizes a deadly weapon finding upon sufficient evidence
that a defendant “used or exhibited” a deadly weapon during the commission of or flight from a felony offense.” Tex. Code Crim. Proc. Ann. art. 42.12, §3g(a)(2) (Vernon Supp. 2009); Drichas v. State, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005).
 A deadly weapon is anything that “in the manner of its use or
intended use is capable of causing death or serious bodily injury.” Tex. Penal Code Ann. §
1.07(a)(17)(B) (Vernon Supp. 2009); Drichas, 175 S.W.3d at 798.  The charge asked the jury to determine
whether appellant “did use and exhibit a deadly weapon, to-wit: hands or metal
rail or metal pipe that in the manner and means of its use and intended use was
capable of causing death and serious bodily injury . . . .” 

D.  Analysis 

Appellant contends that the evidence is legally and
factually insufficient to support a deadly weapon finding.  To hold the evidence legally sufficient to
sustain a deadly weapon finding, the evidence must show that: (1) the object
meets the Penal Code section 1.07(a)(17)(B) definition of a dangerous weapon,
(2) the deadly weapon was used or exhibited during the transaction from which
the felony conviction was obtained, and (3) other people were put in actual
danger.  Drichas, 175 S.W.3d at
798; Tex. Penal Code Ann. §
1.07(a)(17)(B).  Section 1.07(a)(17)(B)
defines a “deadly weapon” as is anything that “in the manner of
its use or intended use is capable of causing death or serious bodily injury.”  Whether an object was used as a deadly weapon depends on
the manner in which the object was used and whether the object was capable of
producing death or serious bodily injury. 
Johnson v. State, 919 S.W.2d 473, 480 (Tex. App.—Forth Worth
1996, pet. ref’d).    

          Appellant asserts that “the treating
physician testified that the fractures of the victim’s ribs and her collapsed
lung were caused by blunt trauma,” but “he could not identify the type of
object used.”  Appellant also asserts
that neither Duncan nor the police officers could definitively identify the
object with which Duncan was struck. 
Appellant contends that the injuries suffered by Duncan were caused by
kicking with a booted foot, and not from the use of appellant’s hands or a
metal pipe or rail.

          The record shows that Duncan, after
regaining consciousness from the initial attack, saw appellant raise a futon
bed rail over his head.  Duncan informed
both the emergency room physician and a police officer that appellant had
struck her “repeatedly” with his fists and with a futon bed rail, indicating
that she believed that she had been hit with the rail while unconscious.  The record indicates that, as a result of the
attack, Duncan suffered life threatening injuries, including broken ribs and a
collapsed lung. We defer to “the responsibility of the trier of fact to fairly
resolve conflicts in testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.” 
Hooper v. State, 214 S.W.3d 9,
13 (Tex. Crim. App. 2007) (quoting Jackson,
443 U.S. at 310, 99 S. Ct. at 2789).  Viewing the evidence in a light favorable
to the jury’s verdict, a reasonable jury could have concluded that while Duncan
was unconscious, appellant had been beating her with the rail that she saw
raised over his head when she regained consciousness. We hold that the evidence
is legally sufficient to support the deadly weapon finding.  See Lane v. State, 151 S.W.3d 188, 192
(Tex. Crim. App. 2004) (holding that “the evidence presented at appellant’s
trial was sufficient to persuade a rational trier of fact beyond a reasonable
doubt that appellant used both his hand and his foot as ‘deadly weapons’ within
the meaning of that phrase as defined by the Penal Code”).  There was also evidence that appellant choked
Duncan with his hands.  Evidence that
hands were used to choke or to strangle someone is sufficient to support a
finding that the hands were deadly weapons. 
See Judd v. State, 923 S.W.2d
135, 140 (Tex. App.—Fort Worth 1996, pet. ref’d), 

          Appellant argues that the evidence is
factually insufficient because Duncan never actually saw appellant hit her with
the rail. Giving due deference to the jury’s weighing of the evidence, a
neutral examination of the evidence shows that the evidence is not so weak that
the jury’s finding that appellant used a deadly weapon is clearly wrong or
manifestly unjust, or that the determination of guilt is against the great
weight and preponderance of the evidence. 
We hold the evidence is factually sufficient to support a deadly weapon
finding.  See Bethel v. State, 842
S.W.2d 804, 807-808 (Tex. App.—Houston [1st Dist.] 1992, no pet.) (holding that
testimony of victim and police officer along with hospital records stating that
victim was struck by blunt object and feared for life were sufficient to
support deadly weapon finding, despite fact that victim was unable to
definitively identify object with which she was attacked).

          We overrule
appellant’s first and second points of error.

 

 

 

 

Conclusion

We affirm the judgment of the trial court.

 

          

                                                                   Sherry
Radack

                                                                   Chief
Justice

 

Panel consists of Chief Justice Radack and Justices Alcala
and Higley.

Do not publish.  Tex.
R. App. P. 47.2(b)

 











[1]
             The Texas Supreme Court transferred this appeal from
the Court of Appeals for the Twelfth District of Texas.  Misc. Docket No. 08-9177 (Tex. Dec. 15,
2008); see Tex. Gov’t Code Ann. § 73.001 (Vernon 2005) (authorizing
transfer of cases).