**Opinion filed December 31, 2015**



# In The

# Eleventh Court of Appeals

_____

## No. 11-13-00370-CR

_____

## GEORGE RAMOS FINO, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-38,321**

## M E M O R A N D U M   O P I N I O N

George Ramos Fino appeals his jury conviction for aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02 (West 2011). The trial court assessed his punishment at confinement for a term of fifty years in the Institutional Division of the Texas Department of Criminal Justice and a fine of $10,000. In one issue on appeal, Appellant contends that the trial court erred when it permitted a police officer to testify "concerning the legal definition of aggravated assault under Texas law." We affirm.

*Background Facts*

On August 13, 2009, Daniel Ramos Fino, Appellant's brother, visited Appellant at their parents' home in Odessa. The two brothers were drinking together. After about five hours, during which Daniel consumed approximately six beers, he got into an argument with Appellant. Appellant and Daniel argued over who owned the home. Daniel then turned away. Daniel testified that Appellant pushed him off the front porch and that he hit his forehead on a rock on the ground. Daniel stated that Appellant then straddled Daniel's back and began hitting Daniel with a claw hammer on the back of his head.

Daniel testified that he saw the hammer in Appellant's hand and that Appellant hit him approximately fifteen times in the head. Daniel told Appellant that, if he did not stop, Appellant would kill him. Appellant then got off of Daniel, and Daniel walked to a friend's house to call 9-1-1. Daniel gave a statement to Officer Robert Blackman of the Odessa Police Department. Daniel was then transported to the hospital.

*Analysis*

In his sole issue on appeal, Appellant challenges the admission of Officer Blackman's testimony regarding the "legal definition of aggravated assault." We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *See Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). A trial court abuses its discretion when it acts outside the zone of reasonable disagreement. *See Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).

During redirect examination, the following exchange took place between Officer Blackman and the prosecutor:

Q. You are a peace officer, and as counsel has asked you, you have investigated aggravated assaults before; is that correct?

A. That is correct.

Q. If I hit you on the head with a hammer one time, is that aggravated assault?

A. Yes, it is.

DEFENSE COUNSEL: Objection Your Honor. He is asking for a comment on the law. He is not qualified.

THE COURT: No, I will overrule your objection.

Q. If I hit you on the head with a hammer 15 times, is that aggravated assault?

A. Yes, it is.

DEFENSE COUNSEL: Objection, Your Honor. It is asking for an opinion on the law.

THE COURT: You are overruled. Your objection is overruled. Ask your next question.

Appellant contends that the testimony by Officer Blackman was improper expert testimony and that the trial court erred in overruling his objections to the officer's testimony. Conversely, the State asserts that Officer Blackman properly offered lay-opinion testimony.

Aggravated assault may be committed in only two ways: (1) by "caus[ing] serious bodily injury" or (2) by "us[ing] or exhibit[ing] a deadly weapon during the commission of the assault." *Blount v. State*, 257 S.W.3d 712, 714 (Tex. Crim. App. 2008) (quoting PENAL § 22.02(a)(1), (a)(2). Appellant was charged only with committing aggravated assault by using or exhibiting a deadly weapon during the commission of an assault. Specifically, the indictment charged Appellant with committing aggravated assault by intentionally, knowingly, or recklessly causing bodily injury to Daniel "by repeatedly hitting him on the head" by using or exhibiting "a deadly weapon, to-wit: a hammer." Thus, as alleged in the indictment and the court's charge, the jury was required to make an affirmative deadly weapon finding in order to convict Appellant of aggravated assault.

3

What constitutes a "deadly weapon" is determined by section 1.07 of the Penal Code. *Robertson v. State*, 163 S.W.3d 730, 732 (Tex. Crim. App. 2005). A hammer is not a deadly weapon per se. *Bethel v. State*, 842 S.W.2d 804, 806–07 (Tex. App.—Houston [1st Dist.] 1992, no pet.) However, depending upon the circumstances, a hammer may become a "deadly weapon" under the statute. *See id.* Thus, in the context of this appeal, a hammer is a deadly weapon if, "in the manner of its use or intended use[, it] is capable of causing death or serious bodily injury." PENAL § 1.07(a)(17)(B) (West Supp. 2015).

 "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. *Id.* § 1.07(a)(46). The plain language of the statute does not require the actor to actually intend death or serious bodily injury; an object is a deadly weapon if the actor intends to use the object in a manner in which it would be capable of causing death or serious bodily injury. *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). Expert or lay testimony may be sufficient to support a deadly weapon finding. *Tucker v. State*, 274 S.W.3d 688, 692 (Tex. Crim. App. 2008).

Appellant contends that Officer Blackman was not qualified to offer his opinion to the prosecutor's questions about hitting someone in the head with a hammer as constituting aggravated assault because he had only been a police officer for approximately two years and was no longer a police officer at the time of trial. However, the Texas Court of Criminal Appeals stated in *Tucker* that "[p]olice officers can be expert witnesses with respect to whether a deadly weapon was used." *Id.* (citing *Hawkins v. State*, 605 S.W.2d 586, 588 (Tex. Crim. App. [Panel Op.] 1980)). In *Bui v. State*, the Texarkana Court of Appeals noted that "[p]olice officers have often been called as expert witnesses to testify about the deadliness of a weapon." 964 S.W.2d 335, 342 (Tex. App.—Texarkana 1998, pet. ref'd) (Police

officers qualified to testify that Duraflame log could cause death or serious bodily injury if used to beat another human being several times about the head.).

A trial court's determination of a witness's qualification as an expert is reviewed for an abuse of discretion. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). If the trial court's ruling lies within the zone of reasonable disagreement, it will be upheld. *Id.* In light of the authority permitting police officers to testify as experts with respect to whether a deadly weapon was used, we conclude that the trial court did not abuse its discretion in determining that Officer Blackman was qualified to answer the prosecutor's questions. Furthermore, the trial court could have determined that Officer Blackman possessed the requisite training and knowledge to answer the prosecutor's questions. The prosecutor prefaced the challenged questions with a question confirming that Officer Blackman had previously investigated aggravated assaults. Common sense dictates that a certified police officer with only minimal training and experience would be qualified to opine that hitting someone in the head with a hammer would constitute a use or intended use that would be capable of causing death or serious bodily injury. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

December 31, 2015                                    JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5