Cedric COMPTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 05-87-01169-CR.

Court of Appeals of Texas,
Dallas.

Sept. 29, 1988.

John Tatum, Renie McClellan, Dallas, for appellant.

Carolyn Fitz-Gerald, Dallas, for appellee.

Before WHITHAM, BAKER and KINKEADE, JJ.

KINKEADE, Justice.

Cedric Compton appeals his conviction by the trial court for aggravated robbery. The court assessed punishment, enhanced by a prior conviction, at fifteen years confinement. In his sole point of error, Compton claims that the evidence was insufficient to prove that the broken bottle alleged in the indictment was a deadly weapon. We disagree and affirm the judgment.

The evidence, although disputed, shows that Compton entered a Diamond Shamrock service station, where he had applied for work one or two weeks earlier, and took some beer without paying. Compton returned to the Diamond Shamrock service station later that evening, accompanied by some unidentified individuals. Holding a beer bottle by the neck with the bottom broken off, Compton stated, "Don't nobody move or I'm going to stab you with the bottle." While still brandishing the bottle, Compton took two fifteen-packs of beer

and a box of candy bars and left the service station.

■ Whether any weapon is deadly is a question for the trier of fact. *See Griffin v. State,* 150 Tex.Crim. 27, 198 S.W.2d 587 (1947). The relevant statute defines "deadly weapon" as:

(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

TEX. PENAL CODE ANN. § 1.07(a)(11) (Vernon 1974). In determining whether a weapon is deadly, all the facts of the case may be considered, including the shape and size of the weapon, its sharpness, its capacity to produce death or serious bodily injury, the manner of its use, and any words spoken by the accused. *Blain v. State,* 647 S.W.2d 293, 294 (Tex.Crim.App.1983). A weapon may be considered deadly if it is displayed in a manner which conveys a threat, express or implied, that serious bodily injury or death will result. *Jackson v. State,* 668 S.W.2d 723, 725 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd). Courts have found that, when wielded by a person as a club, a bottle is clearly a deadly weapon. *Hayes v. State,* 728 S.W.2d 804, 808 (Tex.Crim.App.1987); *Keane v. State,* 677 S.W.2d 194, 198 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd).

The bottle which Compton held was a quart-sized beer bottle with the bottom broken out, leaving a jagged edge. Compton threatened to stab the people in the station with the bottle. The cashier of the station testified that he feared he would suffer serious bodily injury or death because of the broken bottle. Furthermore, a police officer testified that, according to his professional experience, a broken bottle could inflict serious bodily injury or death. The officer stated that he recognized a broken bottle as a deadly weapon.

■ In reviewing the sufficiency of the evidence to support a fact finding, an appellate court is limited to determining whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Van Guilder v. State,* 709 S.W.2d 178, 179 (Tex.Crim.App.1985), *cert. denied* 476 U.S. 1169, 106 S.Ct. 2891, 90 L.Ed.2d 978 (1986). The physical description of the bottle, together with the testimony of the cashier and the policeman, is sufficient to establish that the broken bottle was a deadly weapon as alleged in the indictment. Compton's point of error is overruled and the judgment is affirmed.