Nowlin v. State 






AFFIRMED
MARCH 29, 1990
 
NO. 10-89-066-CR
Trial Court
# 29,019
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

GEORGE DAVID DOUGLAS NOWLIN,
   Appellant
v.

THE STATE OF TEXAS,
   Appellee

* * * * * * * * * * * * *

 From 66th Judicial District Court
Hill County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
A jury convicted Appellant of the burglary of a vehicle and
assessed his punishment at five years in prison. See TEX. PENAL
CODE ANN. § 30.04 (Vernon 1989). Appellant complains that the
court erred when it: (1) admitted into evidence his confession
which was not given voluntarily and was insufficient to support a
conviction; (2) refused to quash the indictment which was based
upon an alleged unconstitutionally vague statute; and (3) did not
instruct the jury on the law of parties. The judgment will be
affirmed.
Prior to his trial, Appellant filed a motion to suppress his
confession on the grounds that it violated his privilege against
self-incrimination, that he had not knowingly waived his right to
counsel, and that the confession was based on an illegal
indictment. At the hearing on the motion to suppress, Officer
Ellis testified about the circumstances surrounding the confession,
and the State offered the confession into evidence. Appellant
objected that the confession was not voluntary, but he did not
cross-examine Ellis or offer any evidence to controvert Ellis'
testimony. The court determined that Appellant's confession was
made voluntarily, and subsequently filed findings of fact to that
effect. Appellant's first point is that the court erred when it
determined that the confession was voluntary and allowed it to be
admitted into evidence. 
At a hearing on the issue of voluntariness of a confession,
the court is the judge of the credibility of the witnesses and the
weight of their testimony. White v. State, 591 S.W.2d 851, 860
(Tex. Crim. App. 1979). The court's findings will not be disturbed
on appeal unless there was an abuse of discretion. Barton v.
State, 605 S.W.2d 605, 607 (Tex. Crim. App. [Panel Op.] 1980). 
Here, Appellant did not cross-examine Ellis and failed to offer any
evidence to show that the confession was not voluntary. 
Furthermore, the court's findings explained its reasons for
concluding that the statement was voluntary. See Wicker v. State,
740 S.W.2d 779, 783 (Tex. Crim. App. 1987). The court did not
abuse its discretion when it held that the confession was
admissible.
Appellant also argues in point one that the confession was
insufficient to support his conviction. As long as there is some
evidence to corroborate a confession, it may be used to establish
that the crime was committed. Self v. State, 513 S.W.2d 832, 835
(Tex. Crim. App. 1974). Scott McCowan testified that a lifejacket
and some seats, which were taken from his boat without permission,
were later recovered under a nearby tree. Donald Gibson, McCowan's
neighbor, saw Appellant in the neighborhood the night of the
burglary. Based on this testimony, the confession, and the record
as a whole, the evidence was sufficient to support Appellant's
conviction beyond a reasonable doubt. See Humason v. State, 728
S.W.2d 363, 366 (Tex. Crim. App. 1987). Point one is overruled.
Appellant filed a motion to quash the indictment. His second
point is that, because the statute upon which the indictment was
founded is unconstitutionally vague, the court erred when it denied
his motion. Specifically, he asserts that the statutory definition
of "vehicle" is vague and ambiguous, and that it fails to inform
him of the charges against him.
A vague criminal statute is one that fails to give fair
warning of what is prohibited and encourages arbitrary and
discriminatory enforcement. Grayned v. City of Rockford, 408 U.S.
104, 92 S.Ct. 2294, 2298-99, 33 L.Ed.2d 222 (1972); Goocher v.
State, 633 S.W.2d 860, 865 (Tex. Crim. App. [Panel Op.] 1982). The
test for vagueness is whether persons of ordinary intelligence must
necessarily guess at the statute's meaning and differ on its
application. Connally v. General Const. Co., 269 U.S. 385, 46
S.Ct. 126, 127, 70 L.Ed.2d 322 (1926). Therefore, a criminal
statute must be drawn with such precision that ordinary people can
intelligently determine the lawful course to follow. Id. 46 S.Ct.
at 128.
Section 31.07 of the Penal Code, which governs the
unauthorized use of a vehicle, provides that: "A person commits an
offense if he intentionally or knowingly operates another's boat,
airplane, or motor-propelled vehicle without the effective consent
of the owner." TEX. PENAL CODE ANN. § 31.07(a) (Vernon 1989)
(emphasis added). Clearly, a "boat" is a vehicle under this
section. Section 30.01 defines "vehicle" as including "any device
in, on, or by which any person or property is or may be propelled,
moved, or drawn in the normal course of commerce or transportation,
except such devices as are classified as `habitation.'" Id. at §
30.01(3). Section 30.01 is drawn with such precision that ordinary
people can determine the lawful course to follow and need not guess
at its meaning. Point two is overruled.
Although he neither objected to the charge nor requested an
instruction on the law of parties, Appellant complains in point
three that the court erred when it failed to instruct the jury on
the law of parties. An instruction on the law of parties is only
required when the defendant, if guilty, is guilty only as a party
and not as a primary actor. Rasmussen v. State, 608 S.W.2d 205,
210 (Tex. Crim. App. [Panel Op.] 1980) (on rehearing). Appellant
admitted in his confession that he reached into the boat and
removed a lifejacket. Under these facts, Appellant could have been
convicted as a primary actor of the offense charged, and an
instruction on the law of parties was not required. See id. 
Furthermore, he waived any error when he failed to object or
request the instruction. See Bowers v. State, 570 S.W.2d 929, 931
(Tex. Crim. App. [Panel Op.] 1978).
Point three is overruled. The judgment is affirmed.
 
                     BOB L. THOMAS
DO NOT PUBLISHChief Justice



eapon during the commission of the offense and assessed punishment at fifteen
years in prison and a $2,500 fine. Gooden's sole point of error is that the evidence is insufficient
to prove that the broken bottle alleged in the indictment is a deadly weapon. 
      Richard Castle, a sixteen-year-old high school student, testified that on the night of April 1,
1992, he was walking home at approximately 10 p.m. At the corner of Bryan and Martin Luther
King streets, he saw two men appear from behind a shed. As Castle approached, one of the men
broke a bottle against the curb. The same man grabbed Castle by the arm, stuck the broken bottle
to his throat, and told him to "get out of the jacket." Castle recognized the man with the bottle
as Gooden, because they had lived in the same apartment complex some years before. Castle's
jacket was black with "Raiders" spelled out on the back. A third male appeared during the
confrontation and told him to get out of the jacket. As Castle took the jacket off, he was cut
underneath his lower lip. He did not know exactly how he got cut. Gooden then struck him on
the top of his head, and one of the other assailants tried to stab him with what looked like a knife. 
Castle required thirteen stitches. He testified that, during the assault, he feared the men were
going to hurt him. Castle could not testify as to what type of bottle was used in the assault.
      Harlan Pope, a detective with the Bryan Police Department, testified as an expert. He
testified that in his thirteen years of service, he had seen cases where a bottle was used as a deadly
weapon. On voir dire, Pope testified that he had not seen the broken bottle used in the assault
against Castle, had not talked to Castle, and could not form an opinion on the use of the bottle as
a deadly weapon. Pope testified, in response to a hypothetical question, that a broken bottle
placed at someone's throat would be capable of causing death and serious bodily injury. He
testified that a tearing or laceration to the throat area, which includes the jugular vein and the
trachea, could easily cause death or serious bodily injury.
      The standard of review based on a sufficiency challenge is whether, after viewing the evidence
in the light most favorable to the prosecution, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 308,
318-19 (1979); Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991). A deadly
weapon, as alleged in this case, is "anything that in the manner of its use or intended use is
capable of causing death or serious bodily injury." See Tex. Penal Code Ann. § 1.07(a)(11)(B)
(Vernon 1974). Whether a weapon is deadly is a question for the trier of fact. Griffin v. State,
198 S.W.2d 587, 589 (Tex. Crim. App. 1946). In determining whether a weapon is deadly, all
the facts of the case may be considered, including the shape and size of the weapon, its sharpness,
its capacity to produce death or serious bodily injury, the manner of its use, and any words spoken
by the accused. Blain v. State, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983). A weapon may
be considered deadly if it is displayed in a manner which conveys a threat, express or implied, that
serious bodily injury or death will result. Jackson v. State, 668 S.W.2d 723, 725 (Tex.
App.—Houston [14th Dist.] 1983, pet. ref'd). When wielded as a club, a broken bottle may be
considered a deadly weapon. See Hayes v. State, 728 S.W.2d 804, 808 (Tex. Crim. App. 1987).
      In Compton v. State, 759 S.W.2d 503 (Tex. App.—Dallas 1988, pet. ref'd), the court found
sufficient evidence of a deadly weapon where the defendant brandished a broken beer bottle
threatening to stab people while stealing beer and candy from a convenience store. The bottle in
Compton was a quart-sized beer bottle with the bottom broken out, leaving a jagged edge. Id. at
504. The store clerk testified that he feared he would suffer serious bodily injury or death because
of the broken bottle. Id. A police officer testified that, according to his professional experience,
a broken bottle could inflict serious bodily injury or death. Id. 
      Gooden argues that, because the broken bottle was not introduced into evidence and because
Pope's opinion was based on a hypothetical question, the evidence is insufficient for a deadly
weapon finding. We disagree. Although the victim was unable to describe exactly what type of
bottle was used in the assault, he was able to say that Gooden broke the bottle and held that broken
bottle against his throat—an action capable of causing serious bodily injury or death, according
to Pope. A rational trier of fact could have found beyond a reasonable doubt that the broken bottle
was, in the manner of its use or intended use, capable of causing death or serious bodily injury. 
See Matson, 819 S.W.2d at 843; Tex. Penal Code Ann. § 1.07(a)(11)(B).
      We overrule the point and affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed 
Opinion delivered and filed September 15, 1993
Do not publish