George Porras **ENRIQUEZ,**
**Jr., Appellant,**

v.

The STATE of Texas, Appellee.

No. 08–91–00334–CR.

Court of Appeals of Texas,
El Paso.

Feb. 28, 1992.

---

John D. Roosa, Midland, Tex., for appellant.

Al W. Schorre, Jr., Dist. Atty. of Midland County, Midland, Tex., for appellee.

Before WOODARD, KOEHLER and BARAJAS, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from a conviction for aggravated robbery, enhanced. Tex.Penal Code Ann. § 29.03 (Vernon 1989). Trial was by jury. Upon conviction, the trial court assessed punishment, enhanced under Tex.Penal Code Ann. § 12.42 (Vernon 1974), at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of 25 years. We affirm.

Appellant, in his sole point of error, asserts that there is insufficient evidence to support the jury's finding regarding Appellant's use of a deadly weapon. Put more succinctly, the issue is whether a 16–ounce soft drink bottle was used in such a manner by Appellant that it was capable of causing death or serious bodily injury to the intended victim, thus meeting one of the essential elements of the offense of aggravated robbery.

When reviewing a sufficiency challenge, we are constrained to view the evidence in a light most favorable to the judgment to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Humason v. State*, 728 S.W.2d 363, 366 (Tex. Crim.App.1987). In the instant case, the use or exhibition of a deadly weapon is an essential element of the offense of aggravated robbery.[1] Tex.Penal Code Ann. § 29.03(a)(2). A "deadly weapon" is a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury, or any-

thing that, in the manner of its use or intended use, is capable of causing death or serious bodily injury. Tex.Penal Code Ann. § 1.07(11) (Vernon 1974).

Appellant was charged by indictment for the offense of aggravated robbery. The indictment alleged that on or about August 25, 1990, while in the course of committing theft, he used and exhibited a deadly weapon, to-wit: a glass bottle, and caused bodily injury to Bruce Haacker by striking him about the head and face with the glass bottle. The indictment contained two enhancement paragraphs which alleged prior final convictions for unauthorized use of a motor vehicle and forgery by possession with intent to pass.

The State of Texas, in its case-in-chief, called Bruce Haacker, the victim, who testified that at approximately 1:20 a.m. on August 25, 1990, while employed as a cab driver for Yellow Cab in Midland, Texas, he was robbed by the Appellant. Haacker testified that the Appellant, while sitting immediately behind him in his taxi cab, grabbed him from behind with his hands and said "Give me your money or I cut you bad." He testified that the Appellant, in demanding money, struck him repeatedly.

The weapon used by the Appellant in facilitating the robbery was a 16–ounce soft drink bottle with a styrofoam sleeve around it. The victim testified that the Appellant struck him with the bottle four times. The victim was struck on the back of the neck, on the back of the head, across his face (breaking his eye glasses) and across the mouth. The force of the beating with the bottle caused him to break a tooth as well as sustain a hole in his lip, drawing blood. The victim further testified that throughout the beating he received at the hands of the Appellant, the Appellant continued to demand money and repeatedly stated that "he was going to cut me." The victim further testified that he "knew the man wanted more than the money I had, because he had everything, and I was afraid for my life...." In addition to

---

1. A person commits the offense of aggravated robbery if he commits robbery as defined in Tex.Penal Code Ann. § 29.02 and he causes seri-

ous bodily injury to another or uses or exhibits a deadly weapon. Tex.Penal Code Ann. § 29.-03(a)(1) and (2) (Vernon 1989).

striking the victim, the Appellant struck and broke the inside rearview mirror. The victim additionally testified that he believed the Appellant cracked the windshield with the same soft drink bottle. The victim related that although he suffered the above injuries, he sought no medical treatment due to lack of financial resources.

The State, among other witnesses, called Harold Ladd Turner, an officer with the City of Midland Police Department. Officer Turner testified, without objection, that an individual struck in the head, depending on the location and force of the blow, with an object the size, configuration and weight of an empty 16–ounce glass bottle with a short neck on it, could cause serious bodily injury or death.

In a case tried before a jury, the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Mowbray v. State*, 788 S.W.2d 658 (Tex.App.—Corpus Christi), *cert. denied*, 498 U.S. ——, 111 S.Ct. 999, 112 L.Ed.2d 1082 (1990). Accordingly, on review, this Court does not resolve any conflict in fact, weigh any evidence, nor evaluate the credibility of any witnesses, and thus, the fact-finding results of a criminal jury trial will be given great deference. *Juarez v. State*, 796 S.W.2d 523 (Tex. App.—San Antonio 1990, pet. ref'd); *Schofield v. State*, 658 S.W.2d 209 (Tex.App.—El Paso 1983, no pet.).

The victim, Bruce Haacker, testified vividly about the repeated beating he endured at the hands of the Appellant. He specifically testified as to the manner in which the 16–ounce glass bottle was used by the Appellant in facilitating the instant offense. It is important to note, however, that the question is not whether the victim actually suffered serious bodily injury or death, but rather whether the empty 16–ounce soft drink bottle in the manner of its use or intended use by the Appellant in the instant case, was capable of causing death or serious bodily injury to his intended victim.

The jury was free to accept or reject any part or all of the witnesses testimony. *See Ruiz v. State*, 654 S.W.2d 488 (Tex.App.—Corpus Christi 1983, no pet.). In particular, the jury was free to disregard all or portions of the victim's testimony as to the severity of his beating at the hands of the Appellant. Likewise, the jury was free to accept or reject any or all of the testimony of Officer Turner.

We have reviewed the record before us, carefully looking at all the evidence in the light most favorable to the judgment, and find that the jury in the instant case, as rational triers of fact, could have found beyond a reasonable doubt that an empty 16–ounce soft drink bottle, with a styrofoam sleeve around it, when used in the manner exhibited by the Appellant in the instant case, was *capable* of causing death or serious bodily injury to his intended victim. Consequently, Appellant's sole point of error is without merit and is overruled. The judgment of the trial court is affirmed.