IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00133-CR

 

Charles Gugliotta,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court # FAM-02-16,357

 



MEMORANDUM 
Opinion



 








          The court convicted Charles Gugliotta in a bench trial of
aggravated assault and sentenced him to three years’ imprisonment.  Gugliotta contends in two issues that (1) the
evidence is legally insufficient to support the court’s finding that he used or
exhibited a deadly weapon and (2) the court erred by rejecting his self-defense
claim because the evidence is legally insufficient to support a finding that he
used deadly force.  We will affirm.

          Gugliotta’s
conviction stems from a barroom fight with Ronnie Shulz, with whom Gugliotta had
had at least one prior altercation.  As
Shulz was leaving the bar, words were exchanged.  Gugliotta hit Shulz in the head with a beer
bottle because he believed Shulz was going to assault him.  The bottle broke upon impact, and Shulz fell
to the ground, bleeding from where the bottle hit him.

          Both
of Gugliotta’s issues hinge on whether his use of a glass bottle to hit Shulz
in the head constitutes the use of a deadly weapon.  Several courts have upheld findings that a
bottle used in this manner is a deadly weapon. 
See Hayes v. State, 728 S.W.2d
804, 808 (Tex. Crim. App. 1987); Enriquez
v. State, 826 S.W.2d 191, 192-93 (Tex. App.—El Paso 1992, no pet.); Compton v.
State, 759 S.W.2d 503, 503-04
(Tex. App.—Dallas 1988, no pet.).

          The
fact that the State did not call a witness to testify that the bottle was a
deadly weapon is irrelevant.  Cf. Hayes, 728 S.W.2d at 808 (“The
complainant’s own testimony reveals that he struck appellant with the Coke
bottle, clearly an object capable of causing death or serious bodily injury.”).  Expert testimony is not required.  English
v. State, 647 S.W.2d 667, 669 (Tex. Crim. App. 1983); Bailey v. State, 46 S.W.3d 487, 491-92 (Tex. App.—Corpus Christi 2001,
pet. ref’d); Charleston v. State, 33
S.W.3d 96, 100 (Tex. App.—Texarkana 2000, pet. ref’d).  Rather, each case must be examined on its own
facts and circumstances.  Id.

          After
viewing all the evidence in a light most favorable to the verdict, we hold that
any rational trier of fact could have found beyond a reasonable doubt that
Gugliotta used the beer bottle in a manner which was capable of causing death
or serious bodily injury.  See Jackson v. Va.,
443 U.S.
307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed.
2d 560 (1979); Sells v. State, 121 S.W.3d 748, 753-54 (Tex.
Crim. App. 2003).  Accordingly, we
overrule Gugliotta’s issues.




We
affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed December
 8, 2004

Do not publish

[CR25]