IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00377-CV

 

Katrina Runnels and Linda Lewis,

                                                                                    Appellants

 v.

 

Wells Fargo Bank,

                                                                                    Appellee

 

 



From the County Court at Law

Ellis County, Texas

Trial Court No. 07C4098

 



ORDER










 

            Katrina Runnels and Linda Lewis appeal
an adverse judgment rendered in the trial court below.  Neither Runnels nor
Lewis are represented by counsel.

            Initially, only Runnels signed the
notice of appeal.  We notified her by letter dated December 10, 2007, that she could not represent Lewis on appeal.  See Steele v. McDonald,
202 S.W.3d 926, 928 (Tex. App.—Waco 2006, order).  We also notified Runnels
that if her interest and Lewis’s interest in the appeal were aligned, the
notice of appeal may be amended to file a joint notice of appeal and that all
future documents be filed as joint documents signed by every party joining in
the document.  The notice of appeal was amended to reflect a joint notice of
appeal which was signed by both Runnels and Lewis.  Later, a docketing
statement was filed and signed by Runnels only.

            By letter dated January 31, 2008, we explained the contents of the December 10th letter sent to Runnels and included a
copy of that letter to Lewis.  Lewis was informed that she must either file her
own documents in the appeal or jointly sign with Runnels each document filed on
her behalf.  Lewis was further informed that her docketing statement had not
been filed and that she had been notified previously by letter dated January 2, 2008 that her docketing statement must be filed within 21 days from the date of
that letter.  In the letter dated January 31, 2008, Lewis was warned that if her docketing statement was not filed within 21 days from the date of that
letter, the appeal as to Lewis would be dismissed.  See Tex. R. App. P. 42.3(b), (c) and 44.3. 


            More than 21 days have passed and we
have not received a docketing statement from Lewis.  Therefore, the appeal as
to Lewis is dismissed.  Tex. R. App. P.
42.3(b), (c) and 44.3.  

 

                                                                        PER
CURIAM

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeal
dismissed as to Linda Lewis

Order
issued and filed March 12, 2008

[CV06]






span style='font-size:14.0pt;font-family:"CG Times"'>                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court # FAM-02-16,357

 



MEMORANDUM 
Opinion



 








          The court convicted Charles Gugliotta in a bench trial of
aggravated assault and sentenced him to three years’ imprisonment.  Gugliotta contends in two issues that (1) the
evidence is legally insufficient to support the court’s finding that he used or
exhibited a deadly weapon and (2) the court erred by rejecting his self-defense
claim because the evidence is legally insufficient to support a finding that he
used deadly force.  We will affirm.

          Gugliotta’s
conviction stems from a barroom fight with Ronnie Shulz, with whom Gugliotta had
had at least one prior altercation.  As
Shulz was leaving the bar, words were exchanged.  Gugliotta hit Shulz in the head with a beer
bottle because he believed Shulz was going to assault him.  The bottle broke upon impact, and Shulz fell
to the ground, bleeding from where the bottle hit him.

          Both
of Gugliotta’s issues hinge on whether his use of a glass bottle to hit Shulz
in the head constitutes the use of a deadly weapon.  Several courts have upheld findings that a
bottle used in this manner is a deadly weapon. 
See Hayes v. State, 728 S.W.2d
804, 808 (Tex. Crim. App. 1987); Enriquez
v. State, 826 S.W.2d 191, 192-93 (Tex. App.—El Paso 1992, no pet.); Compton v.
State, 759 S.W.2d 503, 503-04
(Tex. App.—Dallas 1988, no pet.).

          The
fact that the State did not call a witness to testify that the bottle was a
deadly weapon is irrelevant.  Cf. Hayes, 728 S.W.2d at 808 (“The
complainant’s own testimony reveals that he struck appellant with the Coke
bottle, clearly an object capable of causing death or serious bodily injury.”).  Expert testimony is not required.  English
v. State, 647 S.W.2d 667, 669 (Tex. Crim. App. 1983); Bailey v. State, 46 S.W.3d 487, 491-92 (Tex. App.—Corpus Christi 2001,
pet. ref’d); Charleston v. State, 33
S.W.3d 96, 100 (Tex. App.—Texarkana 2000, pet. ref’d).  Rather, each case must be examined on its own
facts and circumstances.  Id.

          After
viewing all the evidence in a light most favorable to the verdict, we hold that
any rational trier of fact could have found beyond a reasonable doubt that
Gugliotta used the beer bottle in a manner which was capable of causing death
or serious bodily injury.  See Jackson v. Va.,
443 U.S.
307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed.
2d 560 (1979); Sells v. State, 121 S.W.3d 748, 753-54 (Tex.
Crim. App. 2003).  Accordingly, we
overrule Gugliotta’s issues.




We
affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed December
 8, 2004

Do not publish

[CR25]