Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

## MEMORANDUM OPINION

No. 04-08-00461-CR

Yantarin **PERALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-11280A
Honorable Robert Barton, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:      Sandee Bryan Marion, Justice
              Phylis J. Speedlin, Justice
              Marialyn Barnard, Justice

Delivered and Filed:   April 8, 2009

AFFIRMED

Yantarin Perales appeals his conviction for aggravated robbery.  In two issues on appeal, Perales claims the evidence is legally and factually insufficient to sustain his conviction because the State failed to prove the broken bottle used during the offense was a deadly weapon.  We disagree and affirm the judgment of the trial court.

## BACKGROUND

On October 25, 2007, Perales and a female approached Dolores Barrera at a gas station and demanded that she get out of her car. Barrera panicked and was unable to get her car to start. Perales began banging on her window with two quart size beer bottles. After breaking the window with the beer bottles, Perales reached through the window to try to pull Barrera out of the car. Although Barrera was cut on her forearm by the broken beer bottles, she kept pushing Perales out of her car. When a truck pulled up, Perales and the other female fled the scene.

Perales was charged by indictment with the felony offense of aggravated robbery. The indictment also alleged two enhancement allegations. A jury found Perales guilty of aggravated robbery as charged in the indictment, and Perales pleaded true to the two enhancement allegations. The jury assessed punishment at fifty years confinement in prison.

## STANDARD OF REVIEW

In his first issue, Perales asserts the evidence is legally insufficient to sustain his conviction. We review the legal sufficiency of the evidence in the light most favorable to the verdict and will determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). When conducting a sufficiency review, we will consider all the evidence admitted. *Conner*, 67 S.W.3d at 197. The jury is the sole judge of the weight and credibility of the witnesses, and the jury may choose to believe or disbelieve all, some, or none of the testimony or evidence presented. *Williams v. State*, 692 S.W.2d 671, 676 (Tex. Crim. App. 1984).

In his second issue, Perales asserts the evidence is factually insufficient to sustain his conviction. We review the factual sufficiency of the evidence by carefully reviewing all of the

evidence in a neutral light. *Cain v. State*, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We will only reverse if the evidence is so weak that it makes the verdict clearly wrong or manifestly unjust, or the verdict goes against the great weight and preponderance of the evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Evidence is so weak as to make a verdict clearly wrong or manifestly unjust only if the jury's finding "shocks the conscience" or "clearly demonstrates bias." *Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).

Although we analyze all of the evidence presented at trial, in a sufficiency review, the trier of fact is the sole judge of the credibility of the witnesses and weight given to their testimony. *See Johnson*, 23 S.W.3d at 7; *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). We may not substitute the jury's judgment with our judgment or conclude a conviction is clearly wrong simply because we would have decided the case differently. *See Johnson*, 23 S.W.3d at 12. Instead, we must give due deference to the trier of fact, particularly their determinations concerning weight and credibility of the evidence. *Id.* at 9. To order a new trial, we must find with some objective basis in the record that the great weight and preponderance of the evidence contradicts the jury's verdict. *Watson,* 204 S.W.3d at 417.

## DISCUSSION

Perales contends the evidence is legally and factually insufficient to sustain his conviction of aggravated robbery because the State failed to prove that the beer bottle was a deadly weapon. According to Perales, Barrera was the only witness to testify that Perales had two beer bottles when he smashed her car window. While Barrera testified she was in fear of bodily injury, Perales argues the State did not produce any evidence that serious bodily injury occurred or that the bottle was

capable of causing serious bodily injury. Perales contends because the State failed to produce any evidence that the bottle was a deadly weapon as defined by section 1.07 of the Texas Penal Code, the evidence only supports a conviction for robbery rather than aggravated robbery and a rational trier of fact could not have found that the beer bottle was a deadly weapon.

A person commits the offense of aggravated robbery if a person commits a robbery as defined by section 29.02, and he causes serious bodily injury to another or uses or exhibits a deadly weapon. TEX. PENAL CODE § 29.03(a) (Vernon 2003). A "deadly weapon" is defined as any object in which "its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE § 1.07(a)(17) (Vernon 2003). "'Serious bodily injury' means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PENAL CODE § 1.07(a)(46) (Vernon 2003).

Although a quart sized beer bottle is not a deadly weapon per se, it can become a deadly weapon if, in the manner of its use, it is capable of causing death or serious bodily injury. *See Bui v. State*, 964 S.W.2d 335, 342 (Tex. App.—Texarkana 1998, pet. ref'd) (listing a Coke bottle as an object found to be a deadly weapon based on the manner of its use); *Enriquez v. State*, 826 S.W.2d 191, 193 (Tex. App.—El Paso 1992, no pet.) (finding an empty sixteen ounce soft drink bottle with a styrofoam sleeve around it may be a deadly weapon when used in a manner capable of causing death or serious bodily injury); *Compton v. State*, 759 S.W.2d 503, 504 (Tex. App.—Dallas 1988, no pet.) (holding a quart sized beer bottle with the bottom broken out, leaving a jagged edge can be a deadly weapon). In this case, the State was required to show that the bottle used by Perales was capable of causing death or serious bodily injury based on the manner of its use. *See Bui*, 964 S.W.2d at 342; *Brooks v. State*, 900 S.W.2d 468, 472 (Tex. App.—Texarkana 1995, no pet.). Here, Barrera testified

Perales used two quart size beer bottles to break her window, and she was in fear of bodily injury. Evidence of the broken bottles was found in Barrera's vehicle, and Barrera also testified as to lacerations that were caused by the beer bottles. According to Barrera, Perales threatened to hurt her and her daughter, who was in the backseat.

Although Barrera testified she did not fear she would die from her wounds and Officer Fischer, the officer who responded to the robbery call, testified Barrera's wounds were not life threatening, it is not necessary for the State to show that the bottles actually caused serious bodily injury to be considered deadly weapons. *Bui*, 964 S.W.2d at 342; *Brooks*, 900 S.W.2d at 472; *Jackson v. State*, 668 S.W.2d 723, 725 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd). The State need only prove that Perales intended to use the beer bottles in a manner that could cause death or serious bodily injury. *See Bui*, 964 S.W.2d at 342; *Brooks*, 900 S.W.2d at 472. A weapon may be considered deadly if it is displayed in a manner which conveys a threat, express or implied, that serious bodily injury or death will result. *Jackson,* 668 S.W.2d at 725. Here, Perales broke Barrera's car window with the beer bottles and used the broken bottles to cut Barrera's arms. Barrera testified Perales then reached into her car and stated he would take her and her daughter. Reviewing the evidence in a light most favorable to the verdict, we hold the evidence is legally sufficient to support a conviction of aggravated robbery since the jury could find from the evidence that the beer bottles were used in a manner that could cause death or serious bodily harm. *See Conner*, 67 S.W.3d at 197; *Bui*, 964 S.W.2d at 342; *Jackson*, 443 U.S. at 319.

Moreover, reviewing the evidence in a neutral light, we hold the evidence is factually sufficient to support a conviction of aggravated robbery. *Cain*, 958 S.W.2d at 408. The jury may consider all the facts in determining whether beer bottles are deadly weapons, "including the words

of the accused, the intended use of the weapon, the size and shape of the weapon, the testimony of the victim that she feared for her life, the severity of the wounds inflicted, and testimony as to the weapon's potential for deadliness." *Bui*, 964 S.W.2d at 342. Here, it was exclusively within the trier of fact's province to reasonably deduce the beer bottles were capable of causing serious bodily injury or death. *Johnson*, 23 S.W.3d at 7; *Jones*, 944 S.W.2d at 647. Accordingly, the evidence is factually and legally sufficient to support the jury's finding that the beer bottles constituted a deadly weapon based on the manner of their use.

Therefore, we hold the evidence is legally and factually sufficient to sustain Perales's conviction of aggravated robbery.

### Conclusion

We affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish