NUMBER 13-10-412-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

GUILLERMO RODRIGUEZ

AKA WILLIE RODRIGUEZ,                           
     Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                             Appellee.

                                                                                                                     
  

 

On appeal from the 40th
District Court 

of Ellis County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices
Garza, Benavides, and Vela 

Memorandum Opinion by
Justice Vela

                                                                                                                                    

            A jury convicted appellant,
Guillermo Rodriguez a/k/a Willie Rodriguez, of aggravated assault with a deadly
weapon.  See Tex. Penal Code Ann.
§ 22.02(a)(2) (Vernon Supp. 2010).  Appellant pleaded true to the two
enhancement allegations in the indictment, and after the jury found the
enhancement allegations to be true, it assessed punishment at thirty-five
years’ imprisonment.  In two issues, appellant challenges the legal and factual
sufficiency of the evidence to support his conviction.  We affirm.[1]

I. Factual Background

A. State’s Evidence

            Kandice Lemley testified that on July 8,
2009, appellant invited her to “drink with him” at his apartment near Italy,
Texas.  She accepted the invitation, arriving at approximately 8:00 p.m.  After
drinking, she attempted to leave, but appellant “grabbed” her arm.  Lemley
pulled away from appellant, and he hit her on the back with an empty beer
bottle, causing her pain.  Lemley testified that she “took off running,” and
appellant chased her and threw beer bottles at her, calling her profane names
and yelling that he was going to “flatten [her] tires.”  Lemley managed to call
the police on her cell phone and ran to a friend’s residence.  After the police
arrested appellant, she went to her car and saw that one of its tires was
flattened.

            On cross-examination, defense counsel asked
Lemley, “[Appellant] did not throw a beer bottle.  He had it in his hand when
it hit you above the shoulder blade?”, she said, “Yes, sir” and said he hit her
with “a whole beer bottle” made of glass.  When defense counsel asked her,
“Were you injured that day by the beer bottle?”, she said, “It hurt.”  Lemley
testified she did not seek medical attention after the assault.  

            Deputy Lori Harvey testified that when she
arrived at the scene, she saw that one of the tires on Lemley’s car had a cut
in the side wall and was flat.  She found several broken beer bottles that were
shattered along the side of Lemley’s car.  She also found an intact beer bottle
in the grass where Lemley had said she was running.  Deputy Harvey collected
the beer bottle, and the prosecutor introduced it into evidence as State’s
exhibit 32.  When the prosecutor asked Deputy Harvey, “This State’s Exhibit 32,
is a beer bottle like this, depending on how it’s used, capable of causing
serious bodily injury or even death?”, she said, “Yes.”

            On cross-examination, Deputy Harvey testified
that Lemley said the beer bottle struck her between the shoulder blades.  She
did not see any injuries on Lemley.

            Officer Chris Bentley testified that when he
arrived at the scene, Lemley “was scared” and told him she and a friend named
“Willie” had an argument and that he started throwing beer bottles at her. 
Officer Bentley testified he and his partner, Officer Adams, went to
appellant’s apartment, where appellant told them he and Lemley “had some drinks,
beers, and that she wouldn’t leave.  And he had to throw beer bottles at her
because she wouldn’t leave.”  When they tried to arrest him, “[a] fight
ensued,” and they had to pepper spray him in order to get him handcuffed. 
While escorting him to a police car, Officers Bentley and Adams held his arms,
and Officer Chen, who had arrived as a backup, followed behind the trio.  As
they approached the car, appellant said he was not going to jail and kicked the
police car’s door.  Officer Bentley testified that when appellant “kicked the
door, it knocked us [the three officers] to the ground.”  When Officer Bentley
fell to the ground, he “cracked a bone in [his] elbow.”  When the officers put
appellant into the car, he kicked the inside of it, damaging the door frame. 
When the prosecutor asked Officer Bentley, “Is a beer bottle, depending on how
it’s used and how it’s intended to be used, is it capable of causing serious
bodily injury or death?”, he said, “Yes, sir, it can.”  When the prosecutor
asked him, “Would it be reckless to hit someone with a beer bottle?”, he said,
“Yes, sir.”

B. Defense Evidence

            On the night in question, appellant’s friend,
Garland Kelley, went to appellant’s apartment for about ten minutes and drank a
beer with appellant and Lemley.  During that time, he saw them drinking beer,
but he did not see them argue.  He testified that there was a box of bottled
beer outside appellant’s apartment.  He said that appellant showed no signs of
intoxication that night.  On cross-examination, when the prosecutor asked
Kelley, “You’ve never seen him [appellant] get kind of out of control when he
drinks?”, he said, “Not around me.”

            Appellant testified that on the day in
question, but prior to Lemley’s arrival at his apartment, he bought her a twelve-pack
of bottled beer.  He took the beer to his apartment, and he testified that when
Lemley arrived, he drank canned beer, and she drank bottled beer.  He stated
that they drank a few beers “and then she was acting kind of crazy like she was
on drugs or something.”  When she asked him if he could give her $100, he
refused.  After Lemley drank about three beers, she asked him if he was going
to give her the $100.  He told her “maybe Friday” when he got paid.  When he
refused to give her the money, “[s]he was very angry and she picked up the
twelve pack and walked . . . across the street” to her car.  After she left, he
went inside his apartment.  He testified that he did not try to stop her from
leaving, did not call her profane names, and did not grab her or hit her with a
beer bottle.  He denied that he had assaulted or attempted to assault Lemley on
July 8, 2009.

 

            Later that evening, police officers knocked
on his front door.  Appellant testified that when he opened it, “[t]hey just
went in and grabbed me and pulled me out against my will.”  He testified that
he was pepper sprayed and that “after I was pulled down they picked me up and
slapped me on the concrete floor right there in the driveway,” which caused him
to suffer a broken wrist.  The officers handcuffed him, and at some point, he
“passed out.”  He said he was not intoxicated and that he only had two or three
beers that night.  He believed Lemley was intoxicated.

II. Discussion

            In issue one, appellant argues that the
evidence is legally insufficient to support his conviction because the evidence
fails to prove he used or exhibited a deadly weapon during the commission of
the offense.  In issue two, he argues the evidence is factually insufficient to
support his conviction for aggravated assault because the evidence fails to
prove he used or exhibited a deadly weapon during the commission of the
offense.  We review his sufficiency complaints only under the standard set out
in Jackson v. Virginia, 443 U.S. 307, 319 (1979).  See Brooks v.
State, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (overruling Clewis v.
State, 922 S.W.2d 126 (Tex. Crim. App. 1996)).

A. Standard of Review

            “When
conducting a legal sufficiency review, a court must ask whether ‘any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt’—not whether ‘it believes that the evidence at
trial established guilt beyond a reasonable doubt.’”  Laster v. State,
275 S.W.3d 512, 517 (Tex. Crim. App. 2009) (quoting Jackson, 443 U.S. at
318-19) (emphasis in original).  “In doing so, we assess all of the evidence
‘in the light most favorable to the prosecution.’”  Id. (quoting Jackson,
443 U.S. at 319).  “After giving proper deference to the fact finder’s role, we
will uphold the verdict unless a rational fact finder must have had reasonable
doubt as to any essential element.”  Id. at 518.  We must presume that
the fact finder resolved any conflicting inferences in favor of the prosecution
and defer to that resolution.  Jackson, 443 U.S. at 326.

B. Applicable Law

            Our review of a legal sufficiency challenge
should be examined under the principles of review for a hypothetically correct
jury charge.  Grotti v. State, 273 S.W.3d 273, 280-81 (Tex. Crim. App.
2008).  “‘Such a charge [is] one that accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State’s
burden of proof, or unnecessarily restrict the State’s theories of liability,
and adequately describes the particular offense for which the defendant was
tried.’”  Villarreal v. State, 286 S.W.3d 321, 327 (Tex. Crim. App.
2009) (quoting Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App.
1997)).

A person commits
an aggravated assault if the person intentionally, knowingly, or recklessly
causes bodily injury to another, using or exhibiting a deadly weapon.  Tex. Penal Code Ann. §§ 22.01(a)(1),
22.02(a)(2) (Vernon Supp. 2010).  Bodily injury is “physical pain, illness, or
any impairment of physical condition.”  Id. § 1.07(a)(8).  A deadly
weapon is anything “that in the manner of its use or intended use is capable of
causing death or serious bodily injury.”  Id. § 1.07(a)(17)(B).  The
placement of the word “capable” is crucial to determining deadly weapon
status.  Tucker v. State, 274 S.W.3d 688, 691 (Tex. Crim. App. 2008). 
The State is not required to show that the “use or intended use causes death or
serious bodily injury,” but that the “use or intended use is capable of causing
death or serious bodily injury.”  Id.  The injuries suffered can be a
sufficient basis to infer that an attacker used a deadly weapon.  Id. at
691-92.

The State alleged that
appellant “did then and there intentionally, knowingly, or recklessly cause
bodily injury to Kandice Lemley by hitting her with a bottle, and the defendant
did then and there use or exhibit a deadly weapon, to-wit:  a bottle, during
the commission of said assault.”

C. Analysis

            The question is not whether
Lemley actually suffered serious bodily injury or death, but rather whether the
empty glass beer bottle in the manner of its use or intended use by appellant
was capable of causing death or serious bodily injury to her.  See Enriquez
v. State, 826 S.W.2d 191, 193 (Tex. App.–El Paso 1992, no pet.).  Lemley
testified that after she broke free of appellant’s grasp, he struck her on the
back with an empty glass beer bottle, causing her to feel pain.  When appellant
hit her with the bottle, he hit her with it while holding it in his hand.  

Furthermore, Deputy
Harvey collected an empty beer bottle at the scene, which was introduced as
State’s exhibit 32.  When the prosecutor asked Deputy Harvey, “This State’s
Exhibit 32, is a beer bottle like this, depending on how it’s used, capable of
causing serious bodily injury or even death?”, she said, “Yes.”  When the
prosecutor asked Officer Bentley, “Is a beer bottle, depending on how it’s used
and how it’s intended to be used, is it capable of causing serious bodily
injury or death?”, he said, “Yes, sir, it can.”  When the prosecutor followed
up and asked Officer Bently, “Would it be reckless to hit someone with a beer
bottle?”, he said, “Yes, sir.”

            The case of Hays v. State, 728 S.W.3d
804 (Tex. Crim. App. 1987) (op. on reh’g), is helpful in resolving the issue
before us.  In that case, the complainant and his friends parked their vehicles
in a parking space assigned to Hays and his wife.  Id. at 806.  Hays
argued with the complainant and his friends about the parking space, and after
harsh words were exchanged, Hays returned to his apartment where he stuck a
pistol in the waistband of his pants.  Id.  He then returned to the
scene of the incident and struck the complainant with the pistol.  Id. 
The complainant then struck Hays with an empty Coke bottle.  Id. 
Feeling that his life was threatened, Hays grabbed his pistol, and the two
struggled for control of the weapon, during which the pistol discharged,
wounding the complainant.  Id.  At his trial, Hays requested the court
to instruct the jury on the law of self-defense applicable to a situation where
an accused has to use deadly force to defend against deadly force.  Id. 
The court denied the requested instruction.  Id.

Hays appealed his aggravated-assault
conviction to the court of appeals, which stated, “that there was ‘no evidence
that [Hays] was reasonably warranted in drawing a gun against the complainant
when he was not armed.’”  Id. at 807.  On appeal to the court of
criminal appeals, Hays “maintain[ed] that the complainant was indeed armed
because he wielded the Coke bottle as a club.”  In holding that the trial court
erred in denying Hays’ requested instruction, the court of criminal appeals
stated, “[I]t is clear to us that the complainant was indeed armed.  The
complainant’s own testimony reveals that he struck [Hays] with the Coke bottle,
clearly an object capable of causing death or serious bodily injury.”  Id.
at 808.

After reviewing all of the evidence in
the light most favorable to the verdict, we hold that the jury, as rational
trier of fact, could have found beyond a reasonable doubt that an empty glass
beer bottle, when used in the manner exhibited by appellant, was capable of
causing death or serious bodily injury to his intended victim.  See
Hays, 728 S.W.2d at 808 (stating that a Coke
bottle is “clearly an object capable of causing death or serious bodily
injury.”).  We hold, therefore, that the evidence is
legally sufficient to prove beyond a reasonable doubt that appellant used or
exhibited a deadly weapon during the commission of the offense.  Issues one and
two are overruled.

III.
Conclusion

            We affirm the trial court’s
judgment.

 

 

 

                                                                                         ROSE
VELA

                                                                                         Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 10th

day of February, 2011.

 

 

 









[1]We also have affirmed a case involving
Guillermo Rodriguez in cause no. 13-10-00406-CR.